[S. F. No. 19968. In Bank. Apr. 21, 1959.]

JOSEPH STEPHENS, Petitioner, v. THOMAS A. TOOMEY, as Registrar of Voters, etc., Respondent.

Kenneth C. Zwerin for Petitioner.

Dion R. Holm, City Attorney, Lawrence S. Mana, Chief Deputy City Attorney, and William J. Braun, Deputy City Attorney, for Respondent.

Edmund G. Brown, Attorney General, Clarence A. Linn, Chief Assistant Attorney General, and Richard S. L. Roddis, Deputy Attorney General, as Amici Curiae on behalf of Respondent.

SHENK, J.—This is a petition for a writ of mandate to compel the registrar of voters of the city and county of San Francisco to register the petitioner as an elector. The registrar refused on the ground that he had been convicted of an infamous crime as contemplated by section 1 of article II of the Constitution of the state and was therefore ineligible to vote.

On October 6, 1954, the petitioner entered a plea of guilty to the crime of robbery, found by the court to be robbery of

the first degree, a felony (penalty—five years to life, Pen. Code, § 213). Judgment was pronounced against him and he was sentenced to state prison for the time prescribed by law. He applied for probation which was granted, sentence was suspended and he was placed on probation on certain conditions for the term of five years. The term has not yet expired.

With the foregoing background the petitioner seeks to enforce his right to vote while confronted with section 1 of article II of the Constitution of the State of California which reads in part: " [N]o person convicted of any infamous crime . . . shall ever exercise the privileges of an elector in this State. . . ."

The contention of the registrar is that, as provided in the foregoing constitutional provision, the petitioner is under conviction of an infamous crime and therefore ineligible to vote. It is the position of the petitioner that the sentence has been suspended under the probation laws of the state and that he is therefore entitled to exercise the right of an elector during probation.

It is first necessary to determine the meaning and application of the words "convicted of an infamous crime" as used in the above constitutional provision in connection with other laws of the state.

A plea of guilty constitutes a conviction. (*People* v. *Williams*, 27 Cal.2d 220, 228 [163 P.2d 692] ; *People* v. *Goldstein*, 32 Cal. 432, 433 ; 14 Cal.Jur.2d 493.) Robbery of the first degree is punishable by imprisonment in state prison and is an infamous crime. (*Matter of Application of Westenberg*, 167 Cal. 309, 319 [139 P. 674] ; 14 Cal.Jur.2d 205.) The word conviction, used in this connection, must mean a final judgment of conviction. A judgment is not final if there still remains some legal means of setting it aside. There may be ways to avoid its execution, such as a general pardon, but a judgment in an ordinary criminal case, such as we have here, becomes final when all available means to avoid its effect have been exhausted. Certain means to that end have been made available to an accused. The traditional method was by appeal. The probation laws then intervened. Since the enactment of those laws in 1903, the offender has been brought before the court for judgment on a plea or verdict of guilty under differing and varying circumstances affecting the powers of the court and the rights of the accused. They may be classified as follows:

First : Those who are ineligible for probation. Offend-

ers in that class are, for the most part, enumerated in section 1203 of the Penal Code. Undoubtedly they were excluded from the benefits of probation because of the character of the offenses against the social order. With this class of offenders the court has no discretion but to sentence the defendant to an appropriate institution for such punishment or treatment as is provided by law. That judgment is appealable under section 1237 of the Penal Code and the finality of the judgment must await the results of an appeal.

Second: Those who are entitled to apply for probation. In this class are the vast group of offenders against the penal laws of the state, found generally in the Penal Code. Within this group the trial court is given a wide discretion in entertaining and passing upon applications for probation. Included in this group are: (A) Those as to whom the court may, in the absence of an application for probation, pronounce judgment and sentence the defendant as provided by law. This is the judgment. It is appealable (Pen. Code, § 1237) and its finality must await the results of any appeal.

(B) Those as to whom the court may pronounce judgment, sentence the defendant, suspend the execution of the sentence, and entertain an application for probation. This application may be denied or be granted on such terms as may be reasonable and for such time as may be authorized by law.

The judgment entered on the plea of guilty is not appealable on the merits. The rule is correctly stated with supporting authority in 24 Corpus Juris Secundum at pages 683 and 684: ". . . where judgment has been entered on a plea of guilty, irregularities not going to the jurisdiction or legality of the proceedings will not be reviewed." The judgment on the verdict is appealable under section 1237 of the Penal Code. If no appeal is taken the judgment becomes final and is effective for all purposes during probation except that incarceration is prevented by reason of the stay order and that compliance with the conditions of the order of probation be observed under the supervision of the probation officer as provided by section 1203.1 of the Penal Code. If the conditions of probation are violated the order of probation may be revoked and the commitment be issued forthwith. (Pen. Code, § 1203.2.) If the conditions of probation are fulfilled the plea or verdict of guilty may be changed to not guilty, the proceedings be expunged from the record and the case dismissed. (Pen. Code, § 1203.4.) When such an order has been entered there is no further criminal prose-

cution pending against the defendant. He has then, without any further showing of rehabilitation on his part, received a statutory rehabilitation and a reinstatement to his former status in society insofar as the state by legislation is able to do so, with one exception, namely, that under section 1203.4 of the Penal Code the record in the criminal case may be used against him for limited purposes in any criminal proceeding thereafter brought against him. ▮ The judgment in this class is not a final judgment such as to render the prohibitive measure of the Constitution effective. It is a judgment provisional or conditional in nature. It is in the process of becoming final in that its finality depends on the outcome of the probationary proceeding. ▮ (C) Those where the court withholds the imposition of judgment, suspends further proceedings on the plea or verdict and places the defendant on probation on such conditions as are reasonable and for such time as is authorized by law. In this class of cases there is no judgment pending against the probationer. He may go about his usual activities, uninhibited by any court order, except the terms and conditions of the order of probation (*Pearson* v. *County of Los Angeles,* 49 Cal.2d 523 [319 P.2d 624]). In that analogous case it was properly said at pages 543 and 544 that ". . . inasmuch as no judgment of conviction or 'sentence of imprisonment in a State prison' was ever entered against plaintiff, his civil rights have been at no time suspended. (Pen. Code, § 2600.)'' But from the time that the order of probation is made until the case is dismissed the probationer is not a free man. Although there is no judgment pending against him, he is still subject to the restraints of the order of probation and for the duration thereof. ▮ If he should violate its conditions he is subject to a revocation of the order of probation with pronouncement of judgment and sentence to follow. (Pen. Code, § 1203.2.) This judgment is appealable under section 1237 of the Penal Code, and for finality must await the result of any appeal. ▮ If the conditions of probation are satisfied and the time has expired the probationer is entitled to have his plea or verdict of guilty changed to not guilty, have the proceedings expunged from the record and the case dismissed. Upon such dismissal here again the defendant is in the same position as if no prosecution had ever been brought against him except as also provided in section 1203.4 of the Penal Code, the record in the criminal case may be used against him in any subsequent criminal proceeding brought against him. Here again the defendant

also has the benefit of a statutory rehabilitation without any further effort on his part.

Third: There is still another classification which has to do with the operation of the probation laws and the regulation of certain professions through the issuance of licenses by duly authorized public officers, boards and commissions. Within this group, generally, a high degree of professional skill and fidelity to the public which it serves are required on the part of the licensee. In this class the law will not permit the dismissal of the proceeding in the criminal case to automatically restore or terminate the suspension of the license. With this classification the requirement of rehabilitation is not the statutory rehabilitation provided by section 1203.4 of the Penal Code. An affirmative showing of rehabilitation must be made by the applicant to the satisfaction of the licensing authority before he may be restored to his former position as a licensee.

Thus, the state by legislative and decisional law has made distinctions and has classified offenses and offenders against its laws for the purpose of punishment, discipline and rehabilitation. In the probationary field the Legislature has withheld from the courts the power to grant probation in some groups. With others it has conferred upon the courts a wide discretion in dealing with those to whom the state has thus extended the opportunity for rehabilitation. With reference to the so-called professional class, the Legislature and this court have provided that the statutory rehabilitation is not applicable to the licensee. It was so held in *In re Phillips,* 17 Cal.2d 55 [109 P.2d 344, 132 A.L.R. 644]. That case was decided in January 1941 by a divided court. The majority rule was codified in the same year by an amendment of the State Bar Act. (Bus. & Prof. Code, § 6102, Stats. 1941, ch. 1183, § 1, p. 2942.) Even a full pardon under the so-called pardon statute of 1933 (Stats. 1933, ch. 945, § 1, p. 2476) could not prevail otherwise. Section 1 of that act was made to provide that a full pardon by the Governor should ". . . operate to restore to such convicted person, all the rights, privileges, and franchises of which he has been deprived in consequence of said conviction or by reason of any matter involved therein. . . ." It was held in *In re Lavine* (1935), 2 Cal.2d 324 [41 P.2d 161, 42 P.2d 311], that even the broad language there employed could not operate to reinstate a license to practice law, but that rehabilitation must be

established to the satisfaction of this court, acting in cooperation with the Board of Governors of the State Bar.

The same may be said with reference to the discipline of members of the medical profession. In *Meyer* v. *Board of Medical Examiners,* 34 Cal.2d 62 [206 P.2d 1085], decided in 1949, it was stated at page 65 : "After the date of the Phillips decision, section 6102 of the Business and Professions Code was amended (Stats. 1941, ch. 1183, § 1, p. 2942) to provide for the disbarment 'irrespective of a subsequent order under the provisions of section 1203.4 of the Penal Code.' Such amendment served to settle the question of legislative intent in conformity with what this court had held was the proper construction of the probation statute as a nonoperative factor in relation to a disbarment order as the outgrowth of a disciplinary proceeding." The Meyer case in approving the decision in the Phillips case stated at page 66 : ". . . that the discharge from probation and the dismissal of the criminal proceeding could not obliterate the fact of adjudication of guilt in support of a disciplinary order. . . ." The decision in the Meyer case was also by a divided court. Subsequently the rule there laid down was also codified and is now contained in section 4883 of the Business and Professions Code.

There may be other classifications as they arise. But in matters of regulation and discipline in the license field the process is not the same as provided in section 1203.4 of the Penal Code and requires separate classification and treatment in accordance with law applicable thereto.

 The petitioner contends that an actual incarceration must take place in order that the word "conviction" as used in the constitutional provision operates as a final judgment of conviction and that confinement in prison has not been effected in this case. But this is not so. There is a vast difference between the final judgment and the execution of the judgment. Here there has been neither a final judgment nor the execution of any judgment. The effect of the stay order was merely to permit the petitioner to be free from incarceration pending the application for probation, and during probation if granted, during which time he is in the "charge" of the probation officer (Pen. Code, § 1203.1.)

 It is asserted by counsel for the petitioner that some trial judges "routinely" suspend the execution of judgment theretofore pronounced and that others suspend the imposition of judgment, implying that, in placing the defendant on probation, trial judges too often fail to distinguish between

the forms of the order. It is to be assumed that trial judges observe the differences between the forms of the order in their effect on the probationer's activities during the period of his probation. In the one instance, where judgment is pronounced and sentence suspended, certain consequences flow to circumscribe his rights. The revocation of the suspension of execution of the judgment brings the former judgment into full force and effect and the offender is remanded to the proper officer to serve his sentence. (Pen. Code, § 1203.2.) When judgment is not pronounced and further proceedings are suspended, there is no judgment against him. His activities are limited only by the terms of the probationary order, under the supervision of the probation officer. Upon revocation of probation the defendant is entitled to a hearing and to be sentenced, before he can be committed to the appropriate institution. (*In re Levi*, 39 Cal.2d 41 [244 P.2d 403].)

The petitioner relies on the case of *Truchon* v. *Toomey*, 116 Cal.App.2d 736 [254 P.2d 638, 36 A.L.R.2d 1230]. That was a mandate proceeding to compel the registrar of voters to enroll the petitioner as an elector. Truchon had pleaded guilty to a violation of section 220 of the Penal Code (assault with intent to commit rape). Judgment and sentence were not imposed, further proceedings were suspended. He was admitted to probation conditioned on serving 90 days in the county jail. Upon completion of probation his plea was changed from guilty to not guilty, proceedings were expunged from the record and the case was dismissed under Penal Code, section 1203.4. On that record the District Court of Appeal issued the writ directing that the petitioner be registered as an elector. That case was correctly decided. It is distinguishable from the present case and furnishes no support for the petitioner's position. That case falls within subdivision (C) of the second classification above mentioned. Probation was granted without the imposition of judgment and sentence was suspended. The criminal proceedings had been expunged from that record and the case dismissed at the time Truchon applied for the writ. He had fulfilled the terms of his probation, and there were no criminal proceedings pending against him. In the present case the criminal proceedings are still pending against the petitioner. There is no showing that the terms of probation have been fulfilled for the obvious reason that it is impossible at this time to make such a showing. There is an affirmative showing by the petitioner that the time of probation has not expired.

The petitioner's case falls within subdivision (B) of classification number two. He entered a plea of guilty. Judgment was pronounced against him and he was sentenced to prison. Execution of sentence was suspended and he was placed on probation for five years which have not yet expired. The criminal proceeding is still outstanding against him. The judgment may or may not become final depending upon the outcome of the probation proceedings under Penal Code, section 1203.4. If probation be revoked the judgment may be ordered in full force and effect. (Pen. Code, § 1203.2.) The judgment would then be final and the constitutional provision fully effective. If proceedings be expunged from the record and the case dismissed there will then be no final or any judgment pending against him. It is assumed that he will at that time be entitled to the relief he now seeks. But that time has not arrived and the petition is therefore premature.

The petition is dismissed.

Gibson, C. J., Traynor, J., and Schauer, J., concurred.

Spence, J., and McComb, J., concurred in the order.