[Crim. No. 3587.   First Dist., Div. Two.   June 8, 1959.]

THE PEOPLE, Respondent, v. GLENN ROSE, Appellant.

Glenn Rose, in pro. per., and Gartner S. Thomas for Appellant.

Stanley Mosk, Attorney General, Clarence A. Linn, Assistant Attorney General, and Peter T. Kennedy, Deputy Attorney General, for Respondent.

DRAPER, J.—Defendant pleaded guilty to charges of kidnapping (Pen. Code, § 207) and assault by means of force likely to produce great bodily injury (Pen. Code, § 245). A third count charging violation of Penal Code, section 288a, was dismissed, request for probation was denied, and defendant was sentenced to prison.  He appeals.

■ Judgment on a plea of guilty is not appealable on the merits. (*Stephens* v. *Toomey,* 51 Cal.2d 864, 870 [338 P.2d 182].) ■ If a motion is made in the trial court to vacate the judgment and withdraw the plea of guilty, such motion may be treated as an application for writ of error *coram nobis,* denial of which can be reviewed on appeal. (*People* v. *Grgurevich,* 153 Cal.App.2d 806, 810 [315 P.2d 391]; *People* v. *Adams,* 100 Cal.App.2d 841, 842 [224 P.2d 873].) But defendant, although represented by counsel of his own choice throughout the proceedings in the trial court, failed to make any motion either to withdraw the plea or to vacate the judgment.

Defendant filed his notice of appeal and his briefs in this court in propria persona. Thus, even though the attorney who represented him in the trial court appeared at oral argument and filed a brief supplemental to those prepared by appellant himself, we extend this opinion briefly to point out that, on the merits, the appeal is groundless. ■ Appellant's contention is based wholly on the claim that he pleaded guilty only on the assurance of his attorney that he "would positively be given probation." But assurances of a defendant's own attorney are not sufficient to vitiate a plea of guilty. (*In re Atchley,* 48 Cal.2d 408, 418 [310 P.2d 15]; *People* v. *Butler,* 70 Cal.App.2d 553, 562 [161 P.2d 401].) Such representations can avail a defendant only when there is an apparent corroboration of them by the acts or statements of a responsible state officer. (*People* v. *Gilbert,* 25 Cal.2d 422, 443 [154 P.2d 657].) Even if this proceeding be deemed an original application in the nature of coram nobis, and the briefs be considered as affidavits, they fail to show the essential element of such corroboration.

Judgment affirmed.

Kaufman, P. J., and Dooling, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied August 5, 1959.