[Crim. No. 2975. Third Dist. Oct. 9, 1959.]

THE PEOPLE, Respondent, v. HOWARD I. EMIGH, Appellant.

Richard A. Case, under appointment by the District Court of Appeal, for Appellant.

Stanley Mosk, Attorney General, Doris H. Maier and Robert K. Puglia, Deputy Attorneys General, for Respondent.

SCHOTTKY, J.—Howard I. Emigh was charged with three violations of section 476a of the Penal Code. Each count of the information charged a prior conviction of forgery. At the time of the arraignment the public defender was appointed to represent him. The public defender waived the arraignment, the reading of the information, and a statement of the defendant's rights. The defendant then entered a plea of not guilty by reason of insanity to Count III of the information and specifically entered a plea of guilty to Count III and admitted the prior conviction. Counts I and II of the information were then dismissed. Two psychiatrists were appointed to examine the defendant. The insanity hearing was set. The defendant waived a jury trial. The issue was submitted to the trial judge on the report filed by the psychiatrists. Defense counsel waived the right to cross-examine the doctors. Defendant was found to be sane, judgment was entered, and this appeal followed.

A plea of guilty is an admission of defendant's guilt and of every element of the crime charged. (*People* v. *Clarke*, 168 Cal.App.2d 342 [335 P.2d 775].) A judgment on a plea of guilty is not appealable on the merits. (*People* v. *Rose*, 171 Cal.App.2d 171 [339 P.2d 954].) The sufficiency of the evidence to sustain the finding that appellant was sane is not challenged.

Appellant contends that he was not properly informed of his constitutional rights; that he was entitled to the aid of counsel at all stages of the proceedings, including the preliminary examination; and that he was not informed of the effect of a plea of guilty and a plea of not guilty by reason of insanity.

Section 987 of the Penal Code requires that if the de-

fendant appears for arraignment without counsel, he must be informed of his right to counsel before being arraigned and must be asked if he desires counsel. This procedure was followed. Section 988 of the Penal Code provides that the arraignment consists in reading the accusatory pleading to the defendant, delivering a true copy of the pleading to him, and asking whether or not he pleads guilty or not guilty. In the instant case the reading of the accusatory pleading was waived by counsel. Defense counsel stated that he waived the reading of the information. He stated that the defendant was aware of his rights and counsel asked the defendant, "is that correct, sir?" The appellant replied, "yes."

The record shows that the following then occurred: "THE COURT: Well, Mr. Emigh, are you aware of the contents of Count III; that is, a charge of violation of Section 476a of the Penal Code? THE DEFENDANT: Yes. THE COURT: Do you know the nature of that charge? THE DEFENDANT: Yes, sir. THE COURT: What is your plea to the count? THE DEFENDANT: Not guilty by reason of insanity. THE COURT: Well, what is your plea? Do you plead guilty to that charge? THE DEFENDANT: Yes, I plead guilty to that charge, and not guilty by reason of insanity. THE COURT: Likewise included in that charge is an accusation that before the commission of the offense set forth charged in Count III that you had previously been convicted of forgery in two counts, said judgment having been entered on the third day of October, 1952, in the Superior Court of the State of California, in and for the County of Mendocino. What is your plea to that charge? THE DEFENDANT: Yes, I do admit it. MR. O'BRIEN: He admits the prior. THE COURT: You're guilty of the prior conviction? THE DEFENDANT: Yes, sir."

It is apparent that the court followed the statutory procedure and that appellant was fully informed of his rights.

 Appellant contends also that prejudicial error occurred because the court did not inform him specifically of his right to:

1. A speedy trial;
2. A public trial;
3. The right to counsel at all stages of the proceedings;
4. The right not to be placed in jeopardy;
5. The right to a jury trial;
6. The right against self-incrimination;
7. The right against unlawful searches and seizures;
8. The right of confrontation.

There is no merit in this contention. The record shows that appellant was informed of his right to counsel and that the public defender was appointed to defend him. The record also shows that he expressly and personally waived his right to a trial by jury. The other rights enumerated by appellant were rights that would be protected by counsel. There is no statutory provision which requires that the accused in a criminal case who is represented by counsel be informed as to all his rights. The requirements of the specific statutes were met. As long as counsel was appointed no error in the procedure could have prejudiced the appellant because of a failure of the court to enumerate the rights above mentioned.

Appellant next contends that the record does not disclose that he was represented by counsel at the preliminary examination, and he alleges that this was a denial of his right to counsel at all stages of the proceedings. Assuming that the appellant was denied counsel at the preliminary examination, ''That contention is not a subject of consideration now. The defendant did not move to set aside the information pursuant to section 955 of the Penal Code. The omissions of which he complains affect the legality of his commitment at the preliminary hearing. By failing to move to set aside the information he has waived the alleged invalidity.'' (*People* v. *Gilliam*, 39 Cal.2d 235, 241 [246 P.2d 31].)

Appellant also contends that he was not informed of the effect of a plea of guilty and not guilty by reason of insanity. Appellant alleges that he was under a misapprehension as to the effect of a plea of guilty, since he thought that the defense of intoxication could be raised by a plea of not guilty by reason of insanity. There is no merit in this contention. It is the function of counsel to inform his client of the effect of such pleas, and where an accused is represented by counsel the court is not under a duty to inform the accused of the effect of such pleas. (*People* v. *Langdon*, 52 Cal.2d 425 [341 P.2d 303].)

We are satisfied from an examination of the entire record that appellant was properly and fairly represented by court appointed counsel; that he was fully aware of the nature of the charge against him and of the pleas that he entered; that he had the fair and impartial trial to which he was entitled; and that no prejudicial error was committed.

The judgment is affirmed.

Van Dyke, P. J., and Peek, J., concurred.