[Crim. No. 6868.   Second Dist., Div. Two.   July 18, 1960.]

THE PEOPLE, Respondent, v. JOHN JOSEPH MULLANE, Appellant.

John Joseph Mullane, in pro. per., for Appellant.

Stanley Mosk, Attorney General, and William E. James, Assistant Attorney General, for Respondent.

RICHARDS, J. pro tem.*—Defendant was charged by information with robbery (Pen. Code, § 211) in three counts, each count alleging a separate robbery and alleging that defendant was armed at the time of each robbery with a deadly weapon, and that he was armed with a concealed deadly weapon at the time of his arrest. It was further alleged that before the commission of each offense charged, that defendant had been convicted of a felony and had served a term of imprisonment therefor in the state prison.

Defendant was duly arraigned upon the information with his counsel present and entered a plea of "not guilty" and denied the prior conviction. The morning the case was called on the trial calendar, the district attorney and defendant, through his counsel, each announced readiness for trial. That afternoon, when the case was reached on the trial calendar, defendant, with his counsel present, withdrew his plea of "not guilty" and pleaded "guilty" to Count I of the information. He admitted being armed with a deadly weapon at the time

*Assigned by Chairman of Judicial Council.

of the commission of the offense, and admitted being armed with a concealed deadly weapon at the time of his arrest. He admitted he was pleading guilty freely and voluntarily and was not induced so to do by any promises, and that he was pleading guilty because he was guilty. It was stipulated that the determination of the alleged prior conviction be made by the court without a jury based upon the probation report and a record of such prior conviction received in evidence. The court then determined the robbery to be of first degree.

At the time of his arraignment for sentence, defendant moved to withdraw his plea of guilty and his admissions of being armed at the time of the offense and at the time of arrest. Upon being asked the basis for his motion, the defendant replied: ''I feel, your Honor, that the evidence obtained in the case was obtained illegally.'' His counsel stated that defendant's reason for such request was because defendant ''feels that his admission as to being armed at the time he was arrested was the subject of an illegal search and seizure.'' Other than the foregoing, no attempt was made to substantiate the request. The court denied the motion and the defendant was sentenced. No contention is made in this appeal of an abuse of discretion in denying defendant's application to withdraw his plea of guilty to Count I and his admissions and none appears.

A plea of guilty is an admission of defendant's guilt and of every element of the crime charged. (*People* v. *Emigh,* 174 Cal.App.2d 392, 393 [344 P.2d 851]; *People* v. *Clarke,* 168 Cal.App.2d 342 [335 P.2d 775].)     A judgment on a plea of guilty is not appealable on the merits. (*Stephens* v. *Toomey,* 51 Cal.2d 864, 870 [338 P.2d 182]; *People* v. *Emigh, supra,* p. 393; *People* v. *Rose,* 171 Cal.App.2d 171, 172 [339 P.2d 954].) And where judgment has been entered on a plea of guilty irregularities not going to the jurisdiction or legality of the proceedings will not be reviewed. (*Stephens* v. *Toomey, supra,* p. 870.)

Defendant advances a long series of contentions relating to the ''complaint'' and to the proceedings before the magistrate which resulted in the filing of the information. There is no record of these proceedings before us, hence, any alleged error therein cannot be considered on appeal. (*People* v. *Horton,* 174 Cal.App.2d 740, 742 [345 P.2d 45]; *People* v. *Justice,* 167 Cal.App.2d 616, 622 [334 P.2d 1031]; *People* v. *McKinney,* 152 Cal.App.2d 332, 335 [313 P.2d 163].)

Claimed error without record support cannot be considered by mere suggestion thereof in a brief on appeal.

(*People* v. *Justice, supra,* p. 622; *People* v. *Hernandez,* 150 Cal.App.2d 398, 402 [309 P.2d 969].)

■ Defendant's contention, unsupported by the record, that he was denied due process because he was not informed of his rights, nor represented by counsel on his preliminary hearing, is not a subject for consideration in this review. ■■ And it does not appear that he sought to have the information set aside by reason of any claimed irregularity of his commitment on the preliminary hearing, and in failing so to do, he waived the alleged invalidity. (*People* v. *Gilliam,* 39 Cal.2d 235, 241 [246 P.2d 31] ; *People* v. *Emigh, supra,* p. 395.)

■ Defendant's next contention relates to an alleged unlawful detention for five hours for questioning by the Federal Bureau of Investigation. Again, we cannot accept defendant's *ipse dixit* in lieu of a record to support a fact of such contention which he does not even contend constituted an arrest. ■■ Assuming, *arguendo,* there was delay in taking defendant before a magistrate "[s]uch a complaint may not be made for the first time on appeal [citation]. ■ Moreover, the violation of appellant's rights because of failure to observe the provisions of Penal Code, section 825, does not require reversal unless there is a showing that such wrongful conduct resulted in an unfair trial." (*People* v. *McCrasky,* 149 Cal.App.2d 630, 637 [309 P.2d 115].)

■ Not only is there no acceptable record before us of the facts which defendant contends resulted in an illegal search and seizure, but we are foreclosed from considering such contention in the absence of a showing of an objection to the admission of the products of an illegal search and seizure, the trial herein having occurred after the decision of *People* v. *Cahan,* 44 Cal.2d 434 [282 P.2d 905, 50 A.L.R.2d 513]. (*People* v. *Hyde,* 51 Cal.2d 152, 157 [331 P.2d 42] ; *People* v. *Richardson,* 51 Cal.2d 445, 447 [334 P.2d 573].) ■ Equally untenable is the contention of failure to bring defendant to trial within 60 days after the filing of the information (Pen. Code, § 1382) for the record shows that the information was filed on March 5, 1959, and that on April 7, 1959, defendant withdrew his plea of not guilty and pleaded guilty. ■ Nor was there any violation of Penal Code, section 1191, as defendant personally and affirmatively waived time for sentence. (*People* v. *Daly,* 168 Cal.App.2d 169, 173 [335 P.2d 503].)

■ Complaint is also made by defendant that he was denied the right to have the aid of counsel of his choice. In support of this claim of error, defendant contends that the

court denied his motion to dismiss his attorney. The record of the proceedings before us does not support the contention factually. When the matter came on for hearing for probation and sentence, defendant's counsel asked to be relieved of further representation of defendant. The court inquired of defendant if that was his desire and his response was that it was agreeable to him for the reason that his counsel had not been paid and he had nothing to pay her. No other ground or basis to substitute counsel appears. The request of defendant's counsel to be relieved was denied. ■■■ Defendant's mere acquiescence in his attorney's request for leave to withdraw does not constitute a request on his part for a substitution of attorneys. ■■■ Notwithstanding the right of an accused to represent himself or to representation by an attorney of his own choice, the right is one which must be exercised seasonably and not through mere caprice. (*People* v. *Gaither,* 173 Cal.App.2d 662, 671 [343 P.2d 799] ; *People* v. *Head,* 9 Cal.App.2d 647, 649-650 [50 P.2d 832].) ■■■ The burden of showing unfairness and a miscarriage of justice by the denial of defendant's right to counsel in some stage in a proceeding against him rests upon the defendant. (*People* v. *Crooker,* 47 Cal.2d 348, 353 [303 P.2d 753].) Nothing in the defendant's brief or in the record suggests any unfairness to him or any miscarriage of justice by reason of the court's denial of the request of defendant's counsel to be relieved as his attorney.

The order denying defendant's motion to withdraw his plea of guilty and to enter a plea of not guilty and the judgment are each affirmed.

Fox, P. J., and Ashburn, J., concurred.