[Crim. No. 3820. First Dist., Div. One. May 31, 1961.]

THE PEOPLE, Respondent, v. ESSEX CRAVENS, Appellant.

Donald L. Ungar, under appointment by the District Court of Appeal, for Appellant.

Stanley Mosk, Attorney General, Arlo E. Smith and Albert W. Harris, Deputy Attorneys General, for Respondent.

DUNIWAY, J.—Defendant appeals from a judgment of conviction of burglary, second degree (Pen. Code, § 459), violation of Penal Code, section 288a, and rape (Pen. Code, § 261). On November 30, 1959, appellant entered pleas of not guilty and not guilty by reason of insanity, and two psychiatrists were appointed to examine him. On December 8, 1959, the two psychiatrists, Doctors Miller and Poliak, filed reports finding appellant legally insane at the time he committed the offenses. On December 9, 1959, he withdrew his plea of not guilty and pleaded "guilty, but not guilty by reason of insanity . . ." After trial, the court found him sane and sentenced him. At the trial, he was represented by counsel of his own choosing; on this appeal, he is represented by court-appointed counsel.

The People presented the testimony of Dr. Wilson, who found appellant to be legally sane. His testimony fully supports the court's determination. Appellant presented Dr. McClary, who found him legally insane. Dr. Miller and Dr. Poliak were called by the court. Dr. Miller testified that appellant was legally insane. Dr. Poliak, however, did not. He was fully cross-examined, and in answer to questions by the court explained the discrepancy between his report and his testimony, in part, as follows: "As you know, there is a great deal of disagreement between the medical profession and the legal profession on what might constitute insanity, and very often we psychiatrists are more or less forced to couch our terms or give our opinion in legal terms, when we can't actually believe them ourselves. . . .

"In connection with this right and wrong matter: Most psychiatrists feel that, well, it really has, has no place in the determination of what we call 'insanity,' and we feel that in the interest of what is best for the individual, for society, that we will say that he didn't know right from wrong, even though we don't actually believe it, just in order that the patient be sent to a hospital rather than prison." He also testified that appellant was psychotic and in need of further treatment, but that he really did not know whether defendant was legally insane.

Appellant asserts that the actions and statements of other psychiatrists referred to by the witness, were not relevant, and points to language of the court indicating that it was particularly impressed with the frankness of Dr. Poliak in his testimony. There is nothing in the point. In the first place, no objection was made to the quoted testimony, and no motion to strike it. In the second place, the doctor was testifying as an expert, and was endeavoring to explain his theories to the court. We do not see how the testimony was irrelevant; it was just the sort of explanation that an expert is expected to make. An expert can always be examined as to the reasons for his conclusions (Code Civ. Proc., § 1872).

It is also claimed that appellant was deprived of his free will and judgment in entering his plea of guilty, because he relied, in doing so, upon the reports of Dr. Poliak and Dr. Miller. But Dr. Poliak's report had nothing to do with whether defendant did the things charged in the information; it related only to appellant's sanity, and as to that issue he had a full and fair trial. The cases on which appellant relies (*People* v. *Gilbert*, 25 Cal.2d 422 [154 P.2d 657], and *People* v. *Odlum*, 91 Cal.App.2d 761 [205 P.2d 1106]) do not involve comparable situations. Moreover, appellant never moved, in the trial court, to withdraw his guilty plea, so that there is really no ruling on this question to review. However, we have considered the point as if it were properly presented, and find no merit in it. (*Cf. People* v. *Rose,* 171 Cal.App.2d 171 [339 P.2d 954].)

Affirmed.

Bray, P. J., and Tobriner, J., concurred.