[Crim. Nos. 7950, 7951. Second Dist., Div. Three.
Dec. 27, 1961.]

THE PEOPLE, Plaintiff and Respondent, v. FRAZEE
COLE, Defendant and Appellant.

(Two Cases.)

Frazee Cole, in pro. per., for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

THE COURT.—By indictment (Crim. No. 7950), Frazee Cole was accused jointly with Don U. Thazali and Keno Marcello of selling, furnishing and giving away marijuana and in two separate counts Cole was accused of identical violations. In an additional count Cole and Thazali were accused of another identical offense. It was alleged that Cole had previously served a term in prison following conviction of larceny of a motor vehicle. He admitted the former

conviction. In a jury trial in which he was represented by the public defender, Cole was tried separately and was convicted of the three offenses charged. He was sentenced to state prison and appeals in propria persona.

In a separate information (Crim. No. 7951), Cole was charged with violation of section 12020, Penal Code (violation of Dangerous Weapons Control Law). He pleaded guilty, was sentenced to state prison, execution of sentence was suspended, he was granted probation, one of the conditions being that he be imprisoned in the county jail for the term of one year. Thereafter, probation was revoked and execution of sentence was ordered. Cole has given notice of appeal from the judgment.

Upon his application for appointment of counsel we read the records, determined the appeals to be without merit and denied the application. Defendant was notified, was given time to file a brief and has filed none.

■ There was evidence of the following facts in Criminal No. 7950. James Matlock, a police officer of the City of Los Angeles, with experience in the narcotic division of the department, encountered defendant at a hot dog stand September 13, 1960, and inquired of defendant if he knew where some "weed," (understood by them to be marijuana) could be obtained. They entered the officer's car, proceeded as directed by defendant, picked up another person known as "Jimmy," drove to an address as directed by defendant; the officer gave defendant $3.00 for the purchase of six cigarettes; defendant and Jimmy left the car; defendant returned with eight cigarettes, seven of which he handed to the officer. Jimmy returned to the car and defendant retained the eighth cigarette; they returned to the place where they had first met. Two days later the officer was hailed by Cole in the same locality. Cole offered to get Matlock some more cigarettes. The officer said he would take two; they drove to the house where the previous purchase had been made. The officer gave Cole $1.00; Cole entered the house and returned with two cigarettes which he handed to the officer. Four days later, the officer encountered Don Thazali who offered to get him marijuana. The two entered the officer's car. They encountered Cole, asked him if he had anything and Cole replied that he could get "boss stuff," which they all understood to be marijuana. The officer told Cole he wanted four. They drove to a motel; the officer handed Cole three $1.00 bills; Cole entered the motel alone and upon returning to the car handed the officer four ciga-

rettes. All the cigarettes were marked, retained in the possession of the police and were proved by evidence adduced at the trial to contain marijuana. At the time of trial, Thazali, although informed against, did not appear.

Defendant testified in his own behalf. His testimony coincided with that of Officer Matlock in all particulars except for the officer's testimony of the purchases of the cigarettes. Defendant admitted having met the officer 10 or 12 times. The officer, he testified, on all the occasions insisted he wanted marijuana and asked Cole to buy it for him. Defendant admitted having received $3.00 from Matlock on one occasion but testified that it was a loan which he repaid on the following day. Defendant made conflicting statements as to whether he was acquainted with Thazali but denied that Thazali was with Matlock on any of the occasions. Questioned whether Matlock had sought to buy a pound or a kilo of marijuana, defendant answered "That was his conversation all the time." When defendant was confronted by Matlock while in custody he denied to the officers that he knew Matlock.

The case was tried without objection to the receipt or exclusion of evidence. We have examined the instructions and find that the jury was correctly and adequately instructed in the trial on the indictment. The record on the appeal from the judgment in that case presents only a conflict between the testimony of Officer Matlock and that of defendant. Since the facts testified to by the officer were sufficient to prove defendant's guilt of all three offenses the appeal presents no question of law.

It appears upon the other appeal (Crim. No. 7951) that defendant did not move for leave to withdraw his plea of guilty. The purported appeal from the judgment in that case must be dismissed. (*Stephens* v. *Toomey,* 51 Cal.2d 864 [338 P.2d 182] ; *People* v. *Strickler,* 167 Cal. 627 [140 P. 270] ; *People* v. *Emigh,* 174 Cal.App.2d 392 [344 P.2d 851].)

The judgment in case No. 7950 is affirmed; the appeal from the judgment in case No. 7951 is dismissed.