[Crim. No. 8804.   Second Dist., Div. Two.   July 22, 1963.]

THE PEOPLE, Plaintiff and Respondent, v. RALPH SEYMOUR HUNSAKER, Defendant and Appellant.

Joseph H. Lewis for Defendant and Appellant.

Stanley Mosk, Attorney General, and William E. James, Assistant Attorney General, for Plaintiff and Respondent.

ASHBURN, J.—Defendant was charged with three counts of burglary. He pleaded guilty to the first two counts and the third was dismissed. He also admitted two prior felony convictions which were alleged in the information. The offense was thereupon fixed as first degree with the approval of his counsel;[1] defendant was adjudged an habitual criminal and sentenced to imprisonment in state prison for the term prescribed by law. The sentences were ordered to run concurrently with each other and with any sentence defendant then was serving. He has been at all times represented by counsel of his own choosing and hiring.

His notice of appeal, apparently in an effort to avoid the effect of cases which hold that, in the absence of extraordinary circumstances, an appeal upon the merits will not

[1] "MR. GALLIANO: You have talked the matter over with your attorney, Mr. Sussman, and you know what you are doing? THE DEFENDANT: Yes. MR. GALLIANO: Now, as to the fixing of the degree, if your Honor pleases, these were both burglaries of residences, inhabited dwelling houses, in the nighttime, so according to law it would be burglary of the first degree. MR. SUSSMAN: There is no argument on that, your Honor."

lie from a judgment based upon a plea of guilty (*Stephens* v. *Toomey,* 51 Cal.2d 864, 870 [338 P.2d 182]; *People* v. *Mullane,* 182 Cal.App.2d 765, 768 [6 Cal.Rptr. 341]; *People* v. *Emigh,* 174 Cal.App.2d 392, 393 [344 P.2d 851]), contains the following: "This appeal is based upon the ground that the trial court had no jurisdiction to accept a plea of Guilty from the Defendant or enter Judgment on the Plea for the reason that the Defendant was prior to trial, at the time of trial and is presently insane within the eyes of the law. That the trial court was informed at the trial and prior to the trial that Defendant was and is insane and that the court erred in the failing to halt all criminal proceedings in order to determine the issue of insanity." The opening brief says: "The Probation Officer's Report on file in this case shows the Defendant was an inmate in a mental institution and gives forth other good reasons showing a doubt as to the Defendant's sanity." All of this was and is an attempt to come within the exceptions to the general rule above stated, namely, " 'irregularities . . . going to the jurisdiction or legality of the proceedings. . . .' " (*Stephens* v. *Toomey, supra,* at p. 870.) But the record does not sustain counsel's claim that an appeal from the instant judgment has a legitimate appellate objective—is not frivolous.

He asserts that the hearing upon probation "brought certain facts to the Court's attention which clearly raised a doubt as to Defendant's sanity," and hence the "trial court should not have sentenced defendant until the question of his sanity had been determined by appropriate proceedings." In support of this contention reliance is placed upon section 1368, Penal Code, which says: "If at any time during the pendency of an action and prior to judgment a doubt arises as to the sanity of the defendant, the court must order the question as to his sanity to be determined by a trial by the court without a jury, or with a jury, if a trial by jury is demanded; and, from the time of such order, all proceedings in the criminal prosecution shall be suspended until the question of the sanity of the defendant has been determined, and the trial jury in the criminal prosecution may be discharged, or retained, according to the discretion of the court until the determination of the issue of insanity." The term "sanity" as used in the statute means "that if the person whose sanity is in question is capable of understanding the nature and object of the proceedings against him and can conduct his defense in a rational manner, he should be deemed

sane for the purpose of being tried, though on some other subject his mind may be deranged or unsound." (*People* v. *Merkouris*, 46 Cal.2d 540, 550 [297 P.2d 999].) In *People* v. *Brock*, 57 Cal.2d 644, 648-649 [21 Cal.Rptr. 560, 371 P.2d 296], it is said: "Thus, section 1368 sanity contemplates the defendant's mental status at the time of trial, and the criterion is not the M'Naughton test. Rather it is this: if he is able to understand the nature and purpose of the proceedings taken against him and to assist counsel in the conduct of a defense in a rational manner, he is sane within the meaning of section 1368."

The doubt must be one arising in the judge's mind, not that of counsel or any other person, unless it be one which arises as a matter of law from a clear record. *People* v. *Merkouris*, 52 Cal.2d 672, 678-679 [344 P.2d 1]: "ii. The 'doubt' referred to in section 1368 of the Penal Code, requiring a determination of a defendant's sanity if doubt arises during the pendency of the action or prior to judgment, is doubt in the mind of the trial judge, rather than in the mind of counsel for the defendant or any third person. (*People* v. *Jensen, supra,* p. 576 [2] [43 Cal.2d 572 (275 P.2d 25)].)

"iii. The determination of a motion for a hearing upon the issue of a defendant's sanity at the time of trial is one which rests within the sound discretion of the trial court. (*People* v. *Lindley,* 26 Cal.2d 780, 789 [3] [161 P.2d 227]; *People* v. *Gomez,* 41 Cal.2d 150, 159 [5] [6] [258 P.2d 825].) It is only where as a matter of law a 'doubt' may be said to appear or where there has been an abuse of the discretion that is vested in the trial judge, in the determination of the question, that the conclusion of the latter may properly be disturbed on appeal."

The instant record discloses only this: At the time of sentencing the court inquired whether there was any legal cause why judgment and sentence should not be imposed, and defendant's attorney said: "Mr. SUSSMAN: No legal cause. I would like to make a statement on behalf of the defendant, your Honor. Your Honor may recall discussing this matter with counsel, that counsel felt that the defendant should receive some psychiatric help and that this recommendation was made by myself to the Probation Department. And in reading the report, it seems that the Probation Officer's recommendation, if I may quote: 'It seems clear the defendant is in need of an intensive program of treatment'. And I

would urge your Honor to have the defendant committed to a State Hospital rather than to the penitentiary. THE COURT: It is the judgment and sentence of the Court that probation is denied. The defendant is sentenced to the state prison for the term prescribed by law, to serve concurrently with any sentence now being served. . . . The Court adjudges the defendant a habitual criminal. The defendant is sentenced to the state prison for the term prescribed by law, to serve concurrently with any sentence he is now serving; and it is the recommendation of this Court to the Adult Authority that the defendant be investigated for possible incarceration at Vacaville State Facility.'' The probation report is not before this court and hence its contents are unknown except to the extent disclosed by the above quotation. This showing falls far short of one required to support an appeal from a plea-of-guilty judgment. There is nothing approaching the insanity which the decisions require and no abuse of discretion in the ruling. (*People* v. *Jensen,* 43 Cal.2d 572, 577-579 [275 P.2d 25]; *In re Dennis,* 51 Cal.2d 666, 670-671 [335 P.2d 657]; *People* v. *Aparicio,* 38 Cal.2d 565, 567 [241 P.2d 221].)

The case falls within the category of one having no proper appellate objective, appeal frivolous and subject to dismissal. (*People* v. *Shorts,* 32 Cal.2d 502, 516 [197 P.2d 330]; *People* v. *Strickler,* 167 Cal. 627, 628 [140 P. 270].)

In this instance we affirm the judgment.

Fox, P. J., and Herndon, J. concurred.