[Crim. No. 8401. Second Dist., Div. Two. Dec. 19, 1963.]

THE PEOPLE, Plaintiff and Respondent, v. MICHAEL GAYNOR, Defendant and Appellant.

576

Morrise Davis, under appointment by the District Court of Appeal, for Defendant and Appellant.

Stanley Mosk, Attorney General, Doris H. Maier, Assistant Attorney General, and Edsel W. Haws, Deputy Attorney General, for Plaintiff and Respondent.

FOX, P. J.—Defendant was charged with burglary (Pen. Code, § 459) in Counts 1, 2 and 4 of an information, and with grand theft of an automobile (Pen. Code, § 487, subd. 3) in Count 3. It was also alleged that he had suffered a

prior felony conviction of robbery. Defendant's counsel made a motion under section 995 of the Penal Code as to Count 4 only. This motion was denied. The case was submitted on the transcript of the preliminary hearing and a record of defendant's prior conviction. He was found guilty of burglary in the second degree on all three counts, and the alleged prior conviction was found to be true. Defendant was found not guilty of the charge of grand theft (auto) in Count 3. Defendant was sentenced to state prison, the sentences as to Counts 2 and 4 being ordered to run concurrently with each other but consecutively to Count 1. He has appealed from the judgment.

It is unnecessary to state the facts involving these burglaries since no claim is made that the evidence is insufficient to support the conviction on any of them nor is any suggestion made that the court erred in the admission or rejection of evidence.

In seeking a reversal defendant makes two contentions: (1) that he was not advised of his right to counsel in connection with his preliminary hearing, and (2) that the court committed prejudicial error in refusing to grant defendant a continuance for his preliminary hearing. We find no merit in either of these contentions.

Prior to the appointment of counsel for defendant by this court on appeal, defendant made application to augment the record, which we denied, by including the proceedings in the municipal court (division 40) where the judge denied his motion for a continuance of his preliminary hearings. On examining the brief filed by counsel on behalf of defendant it became apparent that the proceedings of the municipal court on that occasion were pertinent to the contentions raised therein. Consequently, this court in the interests of justice has augmented the record on appeal by adding thereto the reporter's transcript of the proceedings in division 40 of the municipal court on December 21, 1961.[1]

Examination of this transcript reveals that defendant had previously been advised of his right to counsel and that the public defender had been appointed to represent him. When the case was called in department 40 on the morning of December 21, 1961, the date set for defendant's preliminary hearing, the deputy public defender announced, "Ready." The deputy public defender then advised the

---

[1]Counsel have had access to this additional record.

court that defendant "indicates he wishes to appear for himself." The court then made this inquiry of the defendant, "Mr. Gaynor, you have heard the statement made by the deputy public defender. Is it correct that you wish to represent yourself?" The defendant replied, "Yes, ma'am, I do." He further stated to the court, "I want to be recognized in pro. per.," to which the court responded, "Well, if that is your desire, you will represent yourself in pro. per. at the preliminary hearing. Is that your desire, sir?" To this question defendant responded, "Yes, ma'am." Defendant was thereafter permitted to represent himself in the municipal court. The judge then inquired of the defendant, "Are you ready to proceed at this time?" The defendant replied, "No. The defense is not ready."

"THE COURT: You say you're not ready to proceed?

"THE DEFENDANT: No, ma'am, I have some motions I'd like to make."

After passing this case for a few moments while other matters on the court's calendar were taken up, the court then inquired of defendant, "Why aren't you ready?" The defendant replied, "I don't have an attorney at the present time." To this comment, the court observed, "I understand that." The defendant then stated, "I was going to ask for a reduction of bail." The judge then again explained that "this is the date for the preliminary hearing" and pointed out that the judge who heard the preliminary would be in a better position to rule on such a motion. The court indicated that the case would be sent out for preliminary hearing and offered again to appoint the public defender to represent defendant if he did not have funds with which to employ a lawyer. Defendant indicated that he wanted a one-week continuance. Upon inquiry from the judge as to the basis for his motion for continuance, defendant stated, "I want to get in touch with somebody, obtain an attorney, where I can obtain an attorney to begin with."

"THE COURT: Do you have funds with which to obtain [an attorney]?

"THE DEFENDANT: No, but I believe I can get them." The court then inquired whether defendant understood the nature of the preliminary hearing, to which he replied in the affirmative. The court again offered to appoint the public defender to represent defendant. He then stated, "I don't want them."

"THE COURT: You prefer to represent yourself?

"THE DEFENDANT: That's right. *I don't care to go to hearing today, ...*" (Italics added.)

"THE COURT: I understand that, sir. I am denying your motion for a continuance. There are other considerations than your own desires in this matter." The court further commented, "... Mr. Gaynor, since you have rejected the services of a well-qualified lawyer from the public defender's office, I am going to send it [the case] out to Division 41, sir, and you will have to represent yourself. If you change your mind over there you let the judge know and he will appoint the public defender."

Defendant made no suggestion in division 41 that he desired the assistance of counsel either at the outset of the hearing or during the course thereof until the People had rested their case. When the court inquired of defendant if he desired to put in any defense at that time, he stated to the court, "I did want to put in the record that I asked for a continuance of one week [in division 40] and it was turned down." The defendant was held to answer and his request for a reduction of bail was denied.

From the foregoing it is clear that defendant's claim that he was not advised of his right to counsel is not supported by the record. It affirmatively appears that he was advised of his right to counsel, that counsel was appointed to represent him and that he told the court that he desired to represent himself at the preliminary hearing. He was repeatedly advised by the judge in division 40 to make use of the professional services of the public defender for at least the preliminary hearing. As the final admonition when the case was transferred to division 41 for the preliminary hearing, he was told that if he changed his mind over there to "let the judge know and he will appoint the public defender." As previously noted, he made no request for such assistance in that court.

Defendant's reliance on *McCarthy* v. *Superior Court*, 162 Cal.App.2d 755 [328 P.2d 819], is misplaced. That case is based primarily on Penal Code section 866.5, which reads: "The defendant may not be examined at the examination, unless he is represented by counsel, or unless he waives his right to counsel after being advised at such examination of his right to aid of counsel." In the cited case the defendant, absent counsel, nevertheless testified without being advised at that time of his right to the aid of counsel. This statutory provision has no application in the instant case for the sim-

ple reason that defendant did not testify at the preliminary hearing and therefore does not come within its specific provisions.

■■■ We come now to a consideration of defendant's contention that the court erred in refusing to grant a continuance of his preliminary hearing so that he could attempt to secure private counsel. In order to properly evaluate this contention it is necessary to keep in proper focus the proceedings that were had in division 40 (the master calendar division). Initially, it should be noted that when this case was called, defendant's counsel (the deputy public defender) announced, ''Ready,'' and then advised the court that defendant ''wishes to appear for himself.'' Upon inquiry from the court as to whether he desired to represent himself defendant replied in the affirmative. The court explained to him that if his request were granted it would mean that he would represent himself at the preliminary hearing. The court then inquired, ''Is that your desire?'' to which defendant answered, ''Yes, ma'am.'' It was upon these representations by the defendant that the court relieved the public defender and permitted defendant to represent himself. Upon the court's immediate inquiry as to whether he was ready to proceed at this time, defendant responded in the negative. The court then inquired, ''Why aren't you ready?'' to which defendant answered, ''I don't have an attorney at the present time.'' It was then that defendant asked for a one-week continuance to obtain private counsel. Although he had no funds he expressed the belief that he could get them. The court reminded defendant: ''You had sufficient time to make arrangements for an attorney for today. ...'' With the proceedings in this procedural posture the court denied defendant's request for a continuance and transferred the case for preliminary hearing to division 41.[2]

---

[2]It will, of course, be observed that sections 858, 859 and 860, subd. 3, Penal Code, have no applicability to the present situation. These sections deal with the rights of the accused and the duties of the magistrate at the time the defendant is first brought before the court for purposes of arraignment. (*People* v. *Terry,* 57 Cal.2d 538, 551-555 [21 Cal.Rptr. 185, 370 P.2d 985].) Section 860 provides in pertinent part: ''If the public offense is ... 3. A felony to which the defendant has not pleaded guilty in accordance with section 859a of this code, then, if the defendant requires the aid of counsel, the magistrate must allow the defendant a reasonable time to send for counsel, and may postpone the examination for not less than two *nor more than five days for that purpose.* ...'' (Italics added.) In the instant cause the defendant was brought before the magistrate and arraigned on December 15,

Here we have a situation where defendant's counsel is ready to proceed with the preliminary hearing but defendant, without finding any fault with his appointed counsel or providing any other explanation, asked the court to discharge his attorney and permit him to appear in propria persona. In order to induce the court to grant this request, he told the court that he desired to represent himself at the preliminary hearing but immediately upon being granted this right he insists he is not ready and asks for a continuance for the asserted purpose of attempting to find an attorney to represent him. The foregoing résumé of the proceedings in division 40 clearly indicates that defendant made misrepresentations to the court as to his purpose in requesting that he be allowed to appear in propria persona. He told the court not only that he desired to represent himself but that he desired to represent himself in the preliminary hearing, yet he immediately sought a continuance for the ostensible purpose of trying to find an attorney to represent him. These circumstances justify an inference that defendant used the technique of having the court discharge his counsel and permit him to appear in propria persona as a ruse for obtaining a delay without legal cause since his counsel had already reported ready for the scheduled preliminary hearing. That this was his purpose is indicated by his later comment that ''I don't care to go to hearing today, . . .'' With his experience in the criminal field, he may well have figured that a delay in the preliminary hearing might result in substantial benefit to him by reason of the inability of the People to produce again material witnesses (see *People* v. *Wimberly,* 215 Cal. App.2d 538, 545 [30 Cal.Rptr. 421]), some of whom were as far away as Palm Springs. Apropos here is an observation of Mr. Justice Harlan, who dissented in *Douglas* v. *State of California,* 372 U.S. 353 [83 S.Ct. 814, 9 L.Ed.2d

1961. He not only was then advised of his right to counsel but the public defender was appointed to represent him. The preliminary examination itself was then set for December 21, 1961. During this six-day period subpoenas were served on the numerous prosecution witnesses requiring their attendance upon the date established for the hearing. The defendant therefore had more than the statutory period authorized in which he might have arranged for private counsel to replace the appointed counsel if this were his desire. Manifestly section 860, subd. 3, does not entitle a defendant to a second continuance as a matter of right when such continuance is requested at the date set for the preliminary hearing itself after the matter has already been continued for the full period authorized by this section.

811, in footnote number 4, p. 820] : "A reading of the record leaves little doubt that petitioners' dismissal of their appointed counsel and their efforts to obtain a continuance were designed to delay the proceedings and, in all likelihood, to manufacture an appealable issue.''

█ A cardinal principle in a matter of this kind was stated by Mr. Justice Shenk in *In re Connor*, 16 Cal.2d 701, 709 [108 P.2d 10], and quoted with approval in *People* v. *Thomas*, 58 Cal.2d 121, 131 [23 Cal.Rptr. 161, 373 P.2d 97] : " 'The right to the assistance of counsel guaranteed by the constitutional and statutory provisions, like any other legal right, may be invoked only in the course of orderly procedure.' ''

Another basic principle was stated by Mr. Justice White in *People* v. *Shaw*, 46 Cal.App.2d 768, 774 [117 P.2d 34], and also quoted with approval in *People* v. *Thomas, supra* (p. 131) : " 'To hold that a defendant charged with crime has an absolute right to counsel of his own selection, with unlimited right to insist upon continuances of his trial, would be subversive of the prompt administration and execution of the laws—upon which depends largely their effectiveness. It is at once apparent that the trial court must in the nature of things have some control over such matters, to the end that judicial business may be dispatched in an orderly manner. . . .' ''

█ Under these principles it would seem clear that a defendant is not entitled to have his conviction set aside on the ground that the court refused to grant a continuance for preliminary hearing to enable him to attempt to find private counsel when he makes misrepresentations to the court as to his desire and purpose in having himself substituted in propria persona and then attempts to use that technique as a subterfuge for delaying tactics. In the circumstances of this case, it cannot properly be said that the master calendar court abused its discretion in denying defendant's request for a continuance.

It will be recalled that defendant made a motion, which was denied, in Superior Court under section 995, Penal Code, to set aside Count 4 only. It was based upon the theory that the evidence as to that count was insufficient to show reasonable or probable cause. █ No attack was made on any of the counts upon the ground that before the filing of the information the defendant had not been legally committed by a magistrate. It follows that under the provisions of 996, Penal Code, he is thereafter precluded from making the objection

that he had not been legally committed. (*People* v. *Gilliam*, 39 Cal.2d 235, 241 [246 P.2d 31] ; *People* v. *Emigh*, 174 Cal. App.2d 392, 395 [344 P.2d 851] ; *People* v. *Ahern*, 113 Cal. App.2d 746, 750 [249 P.2d 63].) In *Gilliam*, the court stated (p. 241) : ''The defendant contends that he was denied due process because he was not informed of his rights nor represented by counsel at his preliminary hearing. That contention is not a subject for consideration now. The defendant did not move to set aside the information pursuant to section 995 of the Penal Code. The omissions of which he complains affect the legality of his commitment on the preliminary hearing. By failing to move to set aside the information he has waived the alleged invalidity. [Citations.]'' In *Emigh*, the court notes that appellant contends that (p. 395) ''the record does not disclose that he was represented by counsel at the preliminary examination, and he alleges that this was a denial of his right to counsel at all stages of the proceedings.'' The court answered that contention by saying, ''Assuming that the appellant was denied counsel at the preliminary examination, 'That contention is not a subject of consideration now. The defendant did not move to set aside the information pursuant to section 995 of the Penal Code. The omissions of which he complains affect the legality of his commitment at the preliminary hearing. By failing to move to set aside the information he has waived the alleged invalidity.' (*People* v. *Gilliam*, 39 Cal.2d 235, 241 [246 P.2d 31].)'' Under these authorities it is clear that defendant cannot now raise the question that he was not legally committed by a magistrate.

The judgment is affirmed.

Herndon, J., concurred.