[No. 20205. In Bank. — June 24, 1886.]

Ex parte RICHMOND STICE, on Habeas Corpus.

Contempt — Witness — Refusal to be Sworn — Privilege. — The refusal of a person called as a witness to comply with an order of the court directing him to be sworn in a case on trial is a contempt of court, and is not excused by the assertion of the witness as a reason for his refusal that his testimony would have a tendency to subject him to punishment for a felony. His privilege cannot be urged by the witness until a question is put to him after being sworn, the answer to which would have that tendency. Whether the answer would or might be of such a tendency is to be determined by the court, and it cannot be called upon to do so in advance of the question being put.

Id. — Defendant in Different Information may be Called. — A party proceeded against in one information for an alleged murder may be called as a witness on behalf of the state to testify against a defendant charged in another and different information with the same killing. In such a case, the party called as a witness retains the right to object to answering a question which would tend to criminate him.

Id. — Separate Refusals to be Sworn — Distinct Contempts. — The petitioner was called as a witness on the trial of a criminal prosecution, and refused to be sworn. For this he was adjudged guilty of contempt of court, and punished by imprisonment for one day. Upon the expiration of such imprisonment, he was again called as a witness in the same case, and again refused to be sworn. The court thereupon adjudged him guilty of contempt, and sentenced him to pay a fine, or in default thereof,

to be imprisoned. *Held*, that each refusal to be sworn was a separate contempt, for which the court had jurisdiction to impose separate punishments.

APPLICATION for a writ of *habeas corpus.* The facts are stated in the opinion of the court.

*D. M. Delmas, N. C. Briggs*, and *B. B. McCraskey*, for Petitioner.

*N. A. Hawkins*, for Respondent.

THORNTON, J.—Petition by Stice for discharge on writ of *habeas corpus.*

The return shows that the petitioner, Stice, is in the custody of the sheriff of San Benito County by virtue of a commitment of the Superior Court of that county, of which the following is a copy:—

"In the Superior Court of San Benito County. State of California v. J. F. Prewett.

"On this first day of March, 1886, at the hour of two o'clock, P. M., the above-named cause was upon trial in the above-entitled court, and Richmond Stice was called as a witness for the people, and was ordered by the said court to be sworn as a witness, and thereupon, in the immediate view and presence of the said court, he did refuse to be so sworn as a witness.

"Whereupon it is adjudged that said Richmond Stice is guilty of a contempt of court in refusing to be so sworn as a witness, and as a penalty thereof, it is ordered, adjudged, and decreed that Richmond Stice pay a fine of five hundred dollars ($500), and that in default of the payment thereof, he be imprisoned in the county jail of San Benito County until said fine be fully satisfied, in the proportion of one day's imprisonment for every dollar of the fine; and on the payment of such portion of said fine as shall not have been satisfied by imprisonment at the rate above prescribed, that the defendant be discharged from custody.

"JAMES F. BREEN, Superior Judge."

That a failure to be sworn as a witness in a cause on trial is a contempt of court, we have no doubt. It is so declared by statute (Code Civ. Proc., sec. 1209, subd. 10) and is so at common law.

The court also ordered the petitioner to be sworn as a witness in the cause then on trial, which order he declined to obey. The court had power by law to make such order; a refusal to obey it was also a contempt.

The court adjudged that petitioner was guilty of contempt in refusing to be sworn, and on such adjudication imposed a punishment within the statute. The court had full power to adjudge the contempt and affix the penalty therefor. (Code Civ. Proc., sec. 1209.)

It is no answer to a refusal to be sworn that the petitioner asserted at the time as a reason for such refusal that his testimony would have a tendency to subject him to punishment for a felony. Such privilege cannot be urged by the witness until a question is put to him after being sworn, the answer to which would have the tendency stated above. Whether the answer to such question would be or might be of such tendency, the court in which the trial is proceeding must adjudge (Wharton's Crim. Ev., 9th ed., sec. 469), and it cannot be called on to do so in advance of the question being put. To hold that the reason stated above would justify a person called in refusing to be sworn would be to make such person, and not the court, the final judge, and exclude the court from any consideration of the matter whatever. Such is not and cannot be the law. On the question presented to the court, the reason urged by the petitioner called for no consideration, for the right claimed by petitioner remained to him after he was sworn. He was deprived of no such right by taking the oath as a witness. Under such circumstances, the jurisdiction of the court to adjudge a party guilty of and punish for a contempt was in no wise affected.

But it is said the petitioner was charged by informa-

tion in the same court with the same murder for which Prewett was then on trial; that the information was then pending untried against him; and that he was in fact a co-defendant with Prewett, the party on trial in said charge; that by reason of the foregoing, petitioner was incompetent, and could not be called as a witness, and there was no law empowering the court to order him to be sworn.

Let it be conceded for argument's sake that if the petitioner was incompetent to testify he had a right to refuse to be sworn, and that the court could not make a lawful rule that he be sworn.

It was admitted on the hearing that petitioner was not a defendant in the same information with Prewett, but charged in another and distinct one.

By section 1321, Penal Code, it is provided that "the rules for determining the competency of witnesses in civil actions are applicable also to criminal actions and proceedings, except as otherwise provided in this code."

The rules for determining the competency of witnesses in civil actions are prescribed by sections 1879, 1880, and 1881 of the Code of Civil Procedure. We find nothing in these sections making a party to an action, whether civil or criminal, incompetent as a witness. On the contrary, it is expressly declared that they are not excluded or rendered incompetent, except in the special case mentioned in the third subdivision of section 1881, and that special case does not embrace the cause before us. In the Penal Code there are some express prohibitions in sections 1322 and 1323. Neither of these sections has any application to the case. The first (section 1322) relates to husband and wife, where both are parties to a criminal action or proceeding, and the second (section 1323) relates to a defendant in a criminal action or proceeding, and forbids his being compelled to be a witness against himself. It is manifest that the case before us is not embraced within the two sections just mentioned.

But it is insisted there are certain implied prohibitions in sections 1099 and 1100 of the Penal Code which rendered the petitioner incompetent. Those sections are as follows:—

"Sec. 1099. When two or more persons are included in the same charge, the court may, at any time before the defendants have gone into their defense, on the application of the district attorney, direct any defendant to be discharged, that he may be a witness for the people.

"Sec. 1100. When two or more persons are included in the same indictment or information, and the court is of opinion that in regard to a particular defendant there is not sufficient evidence to put him on his defense, it must order him to be discharged before the evidence is closed, that he may be a witness for his co-defendant."

To understand these two sections, the next succeeding section must be considered, which provides that "the order mentioned in the last two sections is an acquittal of the defendant discharged, and is a bar to another prosecution for the same offense."

We find no provision in sections 1099 and 1100 changing the provisions of the Code of Civil Procedure, above referred to, as to the competency of witnesses, or prohibiting a party not included in the same indictment or information from being called as a witness by either party to it. By the operation of section 1101, the defendant, when discharged under sections 1099 and 1100, is acquitted of the offense stated in the indictment or information; and when he is called as a witness after such discharge, he cannot be allowed to say that anything he may state in his testimony will tend to convict him as regards the offense of which he stands acquitted. He will under such circumstances be more at liberty in answering the questions put to him, and will not be hampered by any apprehension of saying anything which may be used against him. He will, as regards

the offense about which he is called to testify, feel no restraint whatever from fear of convicting himself. For this object, the sections under consideration were enacted. They are enabling in their character. But they do not prohibit the district attorney representing the state from calling a party proceeded against in one information to testify against a defendant charged in another and different information,—the defendant when so called as a witness retaining his right to object to answering a question put to him by reason of its tendency to criminate him.

It would seem that the district attorney would have the same right when two or more defendants are charged in the same indictment or information, and neither elects to be tried separately. But this need not be decided, as Stice is not such a defendant. As stated above, he is charged in an information other and distinct from that in which Prewett was on trial.

We construe the words "when two or more persons are included in the same charge," in section 1099, as meaning the same as the words "when two or more persons are included in the same indictment or information," in section 1100. That this is so is manifest from the words which follow the above, quoted from section 1099.

We cannot admit the correctness of the contention urged by the learned counsel for petitioner, that the words just above quoted from section 1099 mean parties proceeded against for the same offense, though in different informations or indictments. If such contention be allowed, no meaning would be attributed to the words of the section following those above given, viz., "the court may, at any time before the defendants have gone into their defense, on the application of the district attorney, direct any defendant to be discharged, that he may be a witness for the people." We are of opinion that the words "any defendant" refer to a defendant included in the information or indictment on which the trial is pro-

ceeding, and not to a defendant charged in another and distinct information or indictment.

We are of opinion that the witness was competent; that he had no right to refuse to be sworn; that the order of the court that he be sworn was a lawful one, for the disobedience of which he was guilty of contempt, to punish which the Superior Court had jurisdiction.

But it is said the court had no jurisdiction to make the order of the 1st of March, 1886, under which the commitment was had, by reason of what follows.

On the 27th of February, 1886, while the same trial (that of Prewett) was proceeding, in which the order of March 1, 1886, above stated, was made, Stice was called as a witness, and was ordered by the court to be sworn as a witness, and he refused, whereupon he was by the court adjudged guilty of contempt of court. Thereupon the following order was made:—

[Title of court and cause.]

" On this twenty-seventh day of February, 1886, the above-named case was on trial before a jury in the above-entitled court, and Richmond Stice was called in said cause as a witness, and he was ordered by the court to be sworn as a witness, and he refused to be so sworn, whereupon he was by the court adjudged guilty of contempt of court:

" Now, therefore, it is ordered, adjudged, and decreed that said Richmond Stice be and he is hereby committed to the county jail of San Benito County, to be there confined and detained until Monday, the first day of March, 1886, at 10 o'clock, A. M.

"James F. Breen, Superior Judge."

Under this order Stice was taken into custody by the sheriff, and so held until 10 o'clock, A. M., on Monday, the first day of March. On the 1st of March, 1886, after 2 o'clock, P. M., the order on which the imprisonment is had, from which the petitioner here seeks to be discharged, was made. (See order quoted above.)

Now, it is contended that the refusal to be sworn in the same case is but one offense; that Stice had refused to be sworn on the 29th of February, 1886, for which he had been punished under the order of that date; that when he refused to be sworn on the 1st of March he was guilty of the same offense, and no other, for which he had been punished by the order of the 27th of February; that the penalty inflicted by the order last in date is an additional punishment for one and the same offense, which the court was without jurisdiction to impose.

We do not think that the refusal to be sworn on the 1st of March was the same offense for which the petitioner had already been punished. On the contrary, we think it was a different one.

The petitioner was again called as a witness on the 1st of March. This the district attorney had a right to do. When Stice refused then to be sworn, the court had full power to order him to be sworn, and his refusal to obey such order was a contempt of court, for which the Superior Court of San Benito County had jurisdiction to punish him.

It is argued that if the law be such as is here held, there will be no limit to the making of such orders; that a party may be called as a witness every day or every hour in the day during a protracted trial, and on each refusal to be sworn a penalty might be inflicted, to the great oppression of the subject of it. Such a course would be a great and unjustifiable abuse of power. There is no such case before us. Nor do we anticipate that such an extreme course will be pursued by any court.

In this case the court ruled within its jurisdiction. The petitioner must be remanded to the custody of the sheriff.

So ordered.

McKinstry, J., Myrick, J., McKee, J., and Sharpstein, J., concurred.