[No. D004330. Fourth Dist., Div. One. Jan. 21, 1988.]

In re the Marriage of SHERRY LAURSEN and JAMES K. FOGARTY.
SHERRY LAURSEN, Respondent v.
JAMES K. FOGARTY, Respondent;
ROBERT H. BASIE, Appellant.

## COUNSEL

Suuzen Ty Anderson for Appellant.

No appearance for Respondent Wife.

James K. Fogarty, in pro. per., for Respondent Husband.

## OPINION

**BUTLER, J.**—Robert Basie had represented James Fogarty in custody hearings between Fogarty and his former wife, Sherry Laursen. After Fogarty, in propria persona, replaced Basie as counsel of record, the court ordered Basie to pay $2,000 into a trust fund for Fogarty to use to retain new counsel. Basie entered a peremptory challenge and moved the court to reassign the cause to a different judge. The motion was denied. Basie appeals from the order denying the peremptory challenge and from the order requiring him to pay into the trust fund, contending the court acted beyond its jurisdiction in ordering him to repay earned legal fees.[1]

---

[1] Although in his notice of appeal Basie states he is appealing from the order denying his peremptory challenge, he does not address this issue in his brief. Therefore, we will not treat it in the opinion. " '[W]here, as in the instant case, the appealing party fails to furnish this court with either argument or authority upon a point urged as ground for reversal of the judgment, the point will be deemed to have been abandoned.' " (*Utz* v. *Aureguy* (1952) 109 Cal.App.2d 803, 807 [241 P.2d 639].)

## I

Fogarty and Laursen obtained a dissolution of their marriage in 1983. Since that time they have been involved in a bitter and prolonged battle over the custody of their two children, Deborah and James. Each parent has sought permanent custody, claiming the other is unfit and dangerous. Although the court found both parents dangerous to the children, it left Deborah and James in Laursen's physical custody and attempted to find a workable visitation schedule for Fogarty.

Over the course of numerous legal proceedings, centering on Fogarty's failure to make regular child support payments, and Laursen's refusal to comply with court-ordered visitation, each parent has been represented by a succession of attorneys as well as in propria persona. After Basie had represented Fogarty for a time, their relationship apparently deteriorated. Subsequently, on October 23, 1985, Fogarty signed a substitution of attorneys form prepared by Basie which replaced Basie as counsel of record with Fogarty, in propria persona.

At Fogarty's appearance on November 26, 1985, he testified he had contacted a new attorney who had agreed to represent him, but would require a $3,000 retainer. He stated he had tried desperately to borrow the amount, but had been unsuccessful. The court confirmed Fogarty's monthly disposable income was $1,648, and also noted Fogarty owed a substantial amount to Basie's law firm, but had paid approximately $3,150.[2] Expressing hopes the child-sharing situation had begun to improve, and relating its understanding Basie had agreed to represent Fogarty in an important custody rehearing which was to take place just after Basie had withdrawn, the court opined when Fogarty agreed to a substitution of attorneys, he had no choice.

Observing the necessity to have both parents represented by counsel at the custody hearings, the court stated the belief it had authority to assist Fogarty, the children and the court by requiring Basie to pay back a portion of what he had received from Fogarty so Fogarty could obtain new counsel. The matter was then set for further hearing.

On December 12, Basie filed a peremptory challenge under Code of Civil Procedure[3] section 170.6 moving the court to reassign the hearing to another judge. The motion was denied.

---

[2] Since they were not part of the record below, nor relevant to the issues presented, materials relating to fee agreements or fee statements between Basie and Fogarty will not be considered here. (See Cal. Rules of Court, rule 12(a).)

[3] All statutory references are to the Code of Civil Procedure unless otherwise specified. When referring to statutory subparts we omit repetition of the word "subdivision."

At a hearing on January 9, 1986, observing further custody proceedings with Fogarty unrepresented would be harmful to the children, the court found Fogarty did not have the finances to retain new counsel and Basie had left Fogarty with insufficient assets to hire other representation. The court then ordered Basie to pay $2,000 into trust for Fogarty to use to retain a new attorney in the custody issue.

The court found authority for its order within its general equity power and power to control proceedings before it, section 128.5, and in *In re Jackson* (1985) 170 Cal.App.3d 773 [216 Cal.Rptr. 539], a case which involved contempt sanctions against an attorney who refused to continue to represent a criminal defendant after the defendant had signed a consent form to substitute himself, in propria persona, for his attorney.

## II

█ Basie appeals from the order requiring him to pay $2,000 into the trust fund.[4] In considering the appeal, the sole question is whether the trial court exceeded its jurisdiction in ordering Basie to pay the $2,000.

█ Jurisdiction of a family law court is limited. Civil Code section 4351 states in part: "In proceedings under [the Family Law Act (act)[5] ], the superior court has jurisdiction to inquire into and render any judgment and make such orders as are appropriate concerning the status of the marriage, the custody and support of minor children of the marriage . . . ." Rule 1212 of the California Rules of Court[6] limits relief for the parties to a dissolution proceeding to the relief provided for in the rules or in the act. In addition to their authority under the act, all superior courts hold general equity power and power to control proceedings, recognized in sections 128, 177 and 187, and the power under section 128.5 to require payment of expenses incurred through frivolous actions and delaying tactics.

█ When a trial court determines an action is within its subject matter jurisdiction, its decision will be reversed only if it appears there has been a prejudicial abuse of the court's discretion. (*Mission Imports, Inc.* v. *Superior Court* (1982) 31 Cal.3d 921, 932 [184 Cal.Rptr. 296, 647 P.2d 1075].) An appeal court will only interfere if it finds that under all the evidence, viewed

---

[4] Although generally an appeal may be taken only from a final judgment, from orders after judgment, and from specified appealable orders (§ 904.1), an exception is recognized when there has been a final determination of a collateral matter which is distinct and severable from the general subject of the litigation. Here, the order to pay money is appealable as a final order on a collateral matter. (See *Wisniewski* v. *Clary* (1975) 46 Cal.App.3d 499, 502 [120 Cal.Rptr. 176].)

[5] Civil Code section 4000 et seq.

[6] All rule references are to the California Rules of Court unless otherwise specified.

most favorably in support of the trial court's action, no judge reasonably could have reached the challenged result. (*Smith* v. *Smith* (1969) 1 Cal.App.3d 952, 958 [82 Cal.Rptr. 282].) ▮▮ Because the order here requiring Basie to repay earned legal fees is not supported by law, or the sources the court relied upon, the trial court exceeded its jurisdiction under the Family Law Act.

## III

The general equity power of a trial court and the power to control proceedings are delineated in sections 128, 177 and 187. Section 128(a) includes the following matters within the power of every court: preserving and enforcing order, compelling obedience to judgments, orders, and process, controlling the conduct of ministerial officers and all others connected to a judicial proceeding, compelling attendance of witnesses, administering oaths, and amending and controlling its process and orders. The incidental powers and duties of judicial officers enumerated in section 177 include preserving order in proceedings, compelling obedience to lawful orders and attendance of witnesses, and administering oaths. Under section 187, a court or judicial officer has all suitable means necessary to carry into effect matters properly within its jurisdiction.

We find no authority here for an order to repay earned legal fees. The power to control the course of litigation and the conduct of persons connected to the proceeding does not encompass requiring an attorney to provide funding to a former client so he can retain other counsel. The court obviously believed Fogarty should be represented by an attorney, but it had no authority to provide one. ▮▮ Fogarty was not indigent, and even if he were, a party to a custody proceeding is not eligible to receive appointed counsel. The California Constitution (art. I, § 13) and the federal Constitution (6th Amend.) specifically provide for court-appointed counsel only for criminal matters and for those cases denominated civil, but basically criminal in nature. (*Hunt* v. *Hackett* (1973) 36 Cal.App.3d 134, 137 [111 Cal.Rptr. 456].) Because this is a civil case, not criminal in nature, the court did not have authority to furnish appointed counsel. ▮▮ Even if it could have appointed counsel, it could not require Basie to pay for new representation. The order was not a proper exercise of its inherent power.

## IV

We similarly find no authority for the order in section 128.5, which provides in subdivision (a), "Every trial court may order a party, the party's attorney, or both to pay any reasonable expenses, including attorney's fees, *incurred by another party* as a result of bad faith actions or tactics that are

frivolous or solely intended to cause unnecessary delay." (Italics added.) First, Fogarty was Basie's client. This section only contemplates ordering payment of expenses incurred by another party or the party's attorney (*Rabbit* v. *Vincente* (1987) 195 Cal.App.3d 170, 174 [240 Cal.Rptr. 524]), not ordering sanctions for expenses incurred by an attorney's own client. In addition, the provision applies to bad faith or frivolous actions, or delaying tactics, and requires in subdivision (c), "An order imposing expenses shall be in writing and shall recite in detail the conduct or circumstances justifying the order." Here, the written order stated only two findings: Fogarty did not have finances to retain new counsel, and Basie left Fogarty without sufficient assets to retain new counsel. These findings are insufficient to justify the order, stating no bad faith, frivolous or delaying actions by Basie.

## V

Nor is there any authority for the order in *In re Jackson, supra,* 170 Cal.App.3d 773. *Jackson* holds a criminal defendant "consents" to substitute himself in propria persona only when he actually intends to act as his own attorney. Otherwise, the court may treat the consent as an application by the attorney to withdraw. (*Id.* at p. 780.)

According to section 284, an attorney in an action may be changed upon consent of client and attorney or upon court order made after application and notice. The court has reasonable discretion to deny an application where withdrawal would work an injustice or cause undue delay. (*Mandell* v. *Superior Court* (1977) 67 Cal.App.3d 1, 4 [136 Cal.Rptr. 354].) In *Jackson* the court found the only reason an indigent criminal defendant consented to substitute himself in the case was he could not afford to continue to pay his attorney. The court considered the filing of the substitution functionally the same as application by the attorney to be relieved from further representation, and the defendant's signature merely an acquiescence to the attorney's request to withdraw. (*Id.* at pp. 778-780.) The court then considered the attorney was moving to be relieved as counsel and " 'denied the motion.' " (*Id.* at p. 776.) When the attorney failed to appear, the court held him in contempt. (*Id.* at p. 777.)

Although there are similarities here with *Jackson,* i.e., the trial court considered Fogarty's signature on the consent form a mere acquiescence to Basie's request to withdraw, Fogarty owed Basie for past representation, and Fogarty was not prepared to represent himself, there are key differences. Most importantly, this is a civil case. The trial court here was concerned with the welfare of two children whose parents are involved in a custody battle, and not with constitutional requirements of adequate repre-

sentation in a criminal trial. The *Jackson* holding only applies to the circumstances of a criminal trial.

In addition, Fogarty was not indigent, and the court did not treat the consent form as a motion to withdraw and then require the attorney to continue to represent his client as the court did in *Jackson*. Because it did not think Basie could continue as Fogarty's attorney, the court, instead, devised the novel solution of requiring Basie to provide funds for new counsel. There is no precedent for this act in *Jackson*.

## VI

Although the court justifiably recognized Fogarty's need for counsel, it had no means to provide it, either directly through appointment or indirectly by ordering Basie to repay fees.[7] We find no authority for this order in the trial court's general equity powers, in statute or in *Jackson*. The court acted outside of its jurisdiction under the Family Law Act.

Appeal from order denying peremptory challenge dismissed. Order requiring repayment of fees reversed. Each party to bear their own costs on appeal.

Kremer, P. J., and Work, J., concurred.

---

[7] The Legislature has recognized the importance of children's interests in custody hearings by directing courts to appoint private counsel for the children if it is determined to be in their best interests (Civ. Code, § 4606), and the court had done so here.

There is no similar authority to appoint counsel for the parents in a custody hearing.