Filed 1/27/25  Marriage of Johnson CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re the Marriage of DWIGHT JOHNSON and TINA FRAZIER JOHNSON. | |
| DWIGHT JOHNSON, Appellant, v. TINA FRAZIER JOHNSON, Respondent. | F086965 (Super. Ct. No. S1501FL628974) **OPINION** |

APPEAL from an order of the Superior Court of Kern County.  Lisa M. Pacione, Judge.

Dwight Johnson, in pro. per., for Appellant.

No appearance by Respondent.

-ooOoo-

This is a family law case which has its genesis in Dwight Johnson's (father) petition for dissolution of his marriage to Tina Frazier Johnson (mother).  After a judgment of dissolution was entered and custody orders concerning the couple's three

children were issued, the children became subjects of a juvenile dependency case in another county. Ultimately, the juvenile court dismissed the dependency case and issued exit orders. Thereafter, father filed a petition in the family law case to modify the custody order and transfer the family law case to the children's purported Indian tribe under the Indian Child Welfare Act (ICWA) (25 U.S.C. § 1901 et seq.). The family court denied the request to transfer the case, finding ICWA did not apply to these proceedings.

Father, who has represented himself throughout these proceedings, appeals, arguing the family court erred in denying his request to transfer the case under ICWA. He also contends the family court erred in denying his request for appointed counsel.[1] Finding no merit to father's arguments, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

In June 2014, father petitioned for dissolution of his marriage to mother. A judgment of dissolution was entered in September 2018, and at some point, custody and visitation orders were issued as to the couple's three children. Sometime in 2020, a juvenile dependency case was opened concerning the children in Los Angeles County. In October 2020, a restraining order was issued in the dependency case protecting mother from father.

On August 1, 2022, father filed a request for an order to modify child custody and transfer the case under ICWA. Father asserted an order filed in December 2021, granted mother legal and physical custody of the children, and gave him monitored visits. Father requested that the order be modified to award him sole legal and physical custody of the children and deny mother visitation. Father also requested the family court to apply ICWA to the family law case.

---

[1]     Mother did not file a respondent's brief. Even so, we must "examine the record and consider the opening brief and oral argument, if any, to determine whether the trial court's ruling was prejudicial error." (*Gonzalez v. Munoz* (2007) 156 Cal.App.4th 413, 419, fn. 2.)

2.

On August 31, 2022, the family court ordered mother to file the final judgment from the dependency case into the family law case. The family court denied without prejudice father's request to modify child custody and his motion to transfer and apply ICWA to the family law case. A custody order was filed on October 11, 2022.[2]

On June 27, 2023,[3] father filed a request for an order modifying custody and visitation and for the court to apply ICWA to the family law case. At an August 9 hearing on father's June 27 petition, the family court denied father's request to transfer the case, finding ICWA was not applicable to this family law case. The family court advised father he must comply with the dependency court's exit order and overcome Family Code section 3044[4] before the court can modify visitation. Accordingly, visitation remained as set forth in the exit order.

On July 21, father filed a petition to transfer the family law case to tribal jurisdiction, namely, the jurisdiction of the Choctaw Nation of Oklahoma, under ICWA, using Judicial Council form ICWA-050. Father completed a parental notification of Indian status, Judicial Council form ICWA-020, in which he stated that he and the children are or may be a member of, or eligible for membership in, the Choctaw Nation of Oklahoma.

A hearing was held on the July 21 petition on September 1. The family court told father it understood ICWA did not apply to this family law proceeding because the

---

[2]    The custody order is not in the appellate record.

[3]    Subsequent references to dates are to dates in the year 2023.

[4]    As applicable here, Family Code section 3044, subdivision (a) provides: "Upon a finding by the court that a party seeking custody of a child has perpetrated domestic violence within the previous five years against the other party seeking custody of the child, or against the child or the child's siblings … there is a rebuttable presumption that an award of sole or joint physical or legal custody of a child to a person who has perpetrated domestic violence is detrimental to the best interest of the child, pursuant to Sections 3011 and 3020. This presumption may only be rebutted by a preponderance of the evidence."

3.

proceeding would not result in the removal of children from the parents or termination of parental rights. Father asked the court to appoint counsel for him. The court denied the request because it was not a proceeding for which an attorney could be appointed and unless father provided legal authority, the court did not believe it could appoint counsel. The family court granted father's request to continue the hearing so he could hire counsel.

On September 27, father, representing himself, filed a declaration in which he stated he was a direct descendant of the "first contact indigenous people in America." Father demanded that his case file be transferred to tribal jurisdiction and asserted the family court did not have jurisdiction to decide this case.

At the continued hearing on October 6, father appeared without counsel. The family court found ICWA did not apply to the proceedings and denied the transfer request. The family court further found father had not overcome the Family Code section 3044 presumption and referred father to the August 9 minute order. Father filed a notice of appeal from the October 6 order on October 9.[5]

---

[5] On October 11, 2024, father filed a 165-page motion to augment the record with documents from the Los Angeles County juvenile dependency case, that were filed in the family law case concerning child support and postappeal matters, and that apparently were sent to the United States Secretary of State. On October 18, 2024, he submitted an additional 1,130 pages of documents that he asked to add to his motion to augment. There is no index for these documents, which appear to be comprised of ICWA materials, some of which were filed in this case but others that are dated after the notice of appeal was filed. We deny the motion as to all documents as they are not relevant to our resolution of the appeal. Moreover, augmentation cannot be used to supplement the record with materials that were not before the trial court when it ruled on father's transfer request. (*Vons Companies, Inc. v. Seabest Foods, Inc.* (1996) 14 Cal.4th 434, 444, fn. 3.)

On January 2, 2025, three weeks before oral argument, father filed a request to take judicial notice of 40 documentary exhibits that father claims are relevant to the appeal because his constitutional rights are being violated thereby preventing certified degree of Indian blood enrollment into the Choctaw Nation. We deny the request as untimely and irrelevant to this appeal, which involves only the issue of whether ICWA applies to these proceedings. (*Estate of Sanchez* (2023) 95 Cal.App.5th 331, 336, fn. 5 [denying request for judicial notice filed one month before publication of the opinion as

## DISCUSSION

Father raises several issues in his brief concerning the application of ICWA to these family law proceedings. Father asserts the family court did not conduct adequate inquiry to determine whether ICWA applied, did not use active efforts to provide remedial services as required under ICWA, and improperly denied his transfer request.

ICWA sets minimum standards for removing Indian children from their families, and its purpose is to protect the security and stability of Indian families and tribes when it becomes necessary to place an Indian child in foster care or in an adoptive home.[6] (*In re Jeremiah G.* (2009) 172 Cal.App.4th 1514, 1520.) ICWA applies to "most proceedings involving Indian children that may result in an involuntary foster care placement; guardianship or conservatorship placement; custody placement under Family Code section 3041; declaration freeing a child from the custody and control of one or both parents; termination of parental rights; preadoptive placement; or adoptive placement." (Cal. Rules of Court, rule 5.480; see 25 U.S.C. § 1903(1).)[7]

Whenever the state "knows or has reason to know" (25 U.S.C. § 1912(a)) that an Indian child is involved in a child custody proceeding that involves foster care placement, termination of parental rights, or preadoptive or adoptive placement, it must notify the child's Indian tribe of the proceedings, and its right to intervene. (*Id.*, §§ 1903(1), 1911(a)-(c), 1912–1921.) Moreover, "[o]n petition of either parent or of the Indian

---

untimely]; *Appel v. Superior Court* (2013) 214 Cal.App.4th 329, 342, fn. 6 [judicial notice denied where materials are not "relevant or necessary" to the court's analysis].)

[6] An "Indian child" is defined as any unmarried person under the age of 18 who is (1) a member of an Indian tribe or (2) eligible for membership in an Indian tribe and the biological child of a member of an Indian tribe. (25 U.S.C. § 1903(4); Welf. & Inst. Code, § 224, subd. (c).)

[7] Family Code section 3041 addresses the grant of custody of a child to a person other than a parent. Family Code section 3041, subdivision (e) requires the application of certain ICWA evidentiary standards and placement preferences when an Indian child is involved in such a proceeding.

child's tribe, state court proceedings for foster care placement or for termination of parental rights to an Indian child must be transferred to a tribal court unless 'good cause exists,' either parent objects, or the tribe declines jurisdiction. (25 U.S.C. § 1911(b).) If transfer does not occur, the matter remains in state court." (*In re Santos Y.* (2001) 92 Cal.App.4th 1274, 1301.)

While ICWA applies to proceedings that involve foster care placement, termination of parental rights, or adoption, ICWA does not apply to related issues affecting the minor such as paternity, child support or, as in this case, modification of custody orders in family court proceedings. (See 25 U.S..C. §§ 1903(1), 1912(e) & (f); Cal. Rules of Court, rules 5.480, 5.484, 5.485; see *In re Holly B.* (2009) 172 Cal.App.4th 1261, 1266.)

Father contends this case is governed by ICWA. But ICWA does not apply to family law proceedings such as this one, where foster care placement or termination of parental rights is not at issue. Therefore, the trial court did not err in not inquiring about the children's Indian heritage, failing to determine whether active efforts were made to provide remedial services and rehabilitative programs designed to prevent the breakup of the Indian family, and denying his petition to transfer the case to tribal jurisdiction.[8]

Father also appears to contend that he should have been appointed counsel. Father, however, had no right to appointed counsel in this proceeding, which is a custody and visitation matter under the Family Code, not a dependency proceeding. (*In re Marriage of Laursen & Fogarty* (1988) 197 Cal.App.3d 1082, 1087.) The family court

---

[8]    Welfare and Institutions Code section 361.7, subdivision (a) provides, in pertinent part, that "a party seeking an involuntary foster care placement of, or termination of parental rights over, an Indian child shall provide evidence to the court that active efforts have been made to provide remedial services and rehabilitative programs designed to prevent the breakup of the Indian family and that these efforts have proved unsuccessful."

was not required to provide appointed counsel for father, so father's claim of error based on the failure to do so is without merit.[9]

## **DISPOSITION**

The family court's October 6, 2023 order is affirmed.

DE SANTOS, J.

WE CONCUR:

FRANSON, Acting P. J.

SMITH, J.

---

[9]     On October 12, after father filed his notice of appeal from the October 6 order denying his transfer request, father filed a request for an order of genetic testing under Family Code sections 7550 and 7551.  The family court declined to rule on the request, finding the matter was stayed pending appeal.  While father discusses his request for genetic testing in his brief, we do not address the issue as it involves postappeal events. (*In re Zeth S.* (2003) 31 Cal.4th 396, 405 [" 'an appeal reviews the correctness of a judgment as of the time of its rendition, upon a record of matters which were before the trial court for its consideration' "].)