Filed 8/21/20

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ALBERTO SALVADOR CONTRERAZ,<br><br>    Defendant and Appellant. | H045787<br>(Santa Cruz County<br>Super. Ct. No. 16CR01219) |

In September 2017, defendant Alberto Salvador Contreraz[1] was sentenced to 10 years in state prison, execution suspended, and granted three years' probation. In May 2018, following a contested hearing, the trial court found that Contreraz violated his probation. The trial court terminated probation and ordered execution of the previously-imposed prison sentence.

In our prior opinion in this matter, *People v. Contreraz* (Dec. 5, 2019, H045787 [nonpub. opn.]), we rejected Contreraz's argument that he is entitled to the retroactive benefit of Senate Bill No. 620 (Reg. Sess. 2017-2018) (Sen. Bill 620) which amended Penal Code[2] sections 12022.5, subdivision (c) and 12022.53, subdivision (h), effective January 1, 2018, and affirmed the judgment. This case is before us again after the California Supreme Court granted review, deferred briefing, and transferred the matter back to this court with directions to vacate our prior decision and reconsider the cause in light of *People v. McKenzie* (2020) 9 Cal.5th 40 (*McKenzie*). Neither Contreraz nor the

---

[1] The record and the briefing contain several versions of defendant's first and last name, e.g., "Albert" and "Contreras." We have elected to use the version which appears most frequently and is also used on the abstract of judgment.

[2] Unspecified statutory references are to the Penal Code.

Attorney General submitted supplemental briefs following transfer from the Supreme Court.  (Cal. Rules of Court, rules 8.200(b) & 8.528(f).)

As directed by the California Supreme Court, we hereby vacate our prior decision and, upon reconsideration, we conclude that Contreraz is entitled to the benefit of Sen. Bill 620.  Accordingly, we reverse the judgment and remand for the trial court to exercise its discretion in deciding whether to strike the firearm enhancement pursuant to sections 12022.5, subdivision (c) and 12022.53, subdivision (h), as amended.  Further, as discussed in our prior (now vacated) opinion, the trial court has stricken the criminal street gang sentencing enhancement, thus rendering that argument moot.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

On June 2, 2016, Contreraz was charged by information with second degree robbery (§ 211; count 1), participation in a criminal street gang (§ 186.22. subd. (a); count 2), carrying a concealed firearm (§ 25400, subd. (a)(2); count 3), and resisting a peace officer (§ 148, subd. (a); count 4).  The information further alleged that, in connection with the robbery, Contreraz was personally armed with a firearm (§§ 12022.5, subd. (a), 12022.53, subd. (b)) and committed the offense for the benefit of, at the direction of, or in association with a criminal street gang (§ 186.22, subd. (b)(1)).

On September 13, 2017, as part of a negotiated disposition, Contreraz pleaded guilty to one count of felony second degree robbery (§ 211; count 1) and one count of felony assault by means likely to produce great bodily injury (§ 245, subd. (a)(4); count 5).[3]  Contreraz also admitted the firearm and gang enhancement allegations (§§ 12022.5, subd. (a), 186.22, subd. (b)(1)) in connection with the robbery offense.  In accordance with the plea agreement, the trial court dismissed counts 2, 3, and 4, and deleted the reference to section 12022.53, subdivision (b) from the firearm enhancement. The trial court then sentenced Contreraz to a total term of 10 years, consisting of the

---

[3] This count was added to the information as part of the negotiated disposition.

upper term of five years on count 1, with a consecutive four-year enhancement for personal use of a firearm (§ 12022.5, subd. (a)) plus a consecutive one-year middle term sentence on count 5 (§ 245, subd. (a)(4)). The trial court also imposed and stayed a 10-year sentence on the criminal street gang allegation (§ 186.22, subd. (b)(1)).[4] The trial court ordered execution of sentence suspended, and placed Contreraz on three years' formal probation. Contreraz did not appeal.

On February 20, 2018, the Santa Cruz County Probation Department filed a petition alleging that Contreraz had violated his probation by failing to report, failing to participate in an educational/vocational/therapeutic program, failing to pay fines and fees, and failing to pay restitution. The trial court held a contested hearing on the petition on May 3, 2018 and found that Contreraz violated his probation. Accordingly, the trial court terminated probation and executed the previously imposed prison sentence of 10 years.

## II. DISCUSSION

### A. *Briefing*

Following transfer from the California Supreme Court, the parties did not submit any supplemental briefing (Cal. Rules of Court, rules 8.200(b) & 8.528(f)), so we briefly reiterate the arguments raised in the original briefing.

Contreraz argued Sen. Bill 620, which amended section 12022.5, subdivision (c) to give trial court's discretion to strike firearm sentence enhancements, retroactively applies to his case, relying on *In re Estrada* (1965) 63 Cal.2d 740 (*Estrada*), and we should remand the matter to the trial court to exercise that discretion. The Attorney General argued that Contreraz is not entitled to the retroactive application of the amendment made by Sen. Bill 620 because the judgment against him was final before that amendment came into effect.

---

[4] On February 14, 2019, the trial court amended the abstract of judgment, nunc pro tunc, to reflect that the punishment for the criminal street gang enhancement was stricken, rather than stayed.

## B.     Retroactivity analysis

In 2017, the Legislature amended section 12022.5, subdivision (c) to read: "The court may, in the interest of justice pursuant to Section 1385 and at the time of sentencing, strike or dismiss an enhancement otherwise required to be imposed by this section. The authority provided by this subdivision applies to any resentencing that may occur pursuant to any other law." The amendment took effect on January 1, 2018. (Stats. 2017, ch. 682, § 2, p. 5104.) Prior to its enactment, trial courts did not have the discretion to strike or dismiss firearm enhancements imposed under section 12022.5.

Under the *Estrada* rule, "we presume that newly enacted legislation mitigating criminal punishment reflects a determination that the 'former penalty was too severe' and that the ameliorative changes are intended to 'apply to every case to which it constitutionally could apply,' which would include those 'acts committed before its passage[,] *provided the judgment convicting the defendant of the act is not final*.' (*Estrada*, *supra*, 63 Cal.2d at p. 745 [italics added].) The *Estrada* rule rests on the presumption that, in the absence of a savings clause providing only prospective relief or other clear intention concerning any retroactive effect, 'a legislative body ordinarily intends for ameliorative changes to the criminal law to extend as broadly as possible, distinguishing only as necessary between sentences that are final and sentences that are not.' [Citations.] 'The rule in *Estrada* has been applied to statutes governing penalty enhancements, as well as to statutes governing substantive offenses.' " (*People v. Buycks* (2018) 5 Cal.5th 857, 881-882.)

In *McKenzie*, the California Supreme Court considered "whether a convicted defendant who is placed on probation after imposition of sentence is suspended, and who does not timely appeal from the order granting probation, may take advantage of ameliorative statutory amendments that take effect during a later appeal from a judgment revoking probation and imposing sentence." (*McKenzie*, *supra*, 9 Cal.5th at p. 43.) Even though the time to appeal the order granting probation had lapsed, the court held that the

4

ameliorative statutory amendments applied retroactively because "when the revisions to section 11370.2 took effect, defendant's ' "criminal proceeding . . . ha[d] not yet reached final disposition in the highest court authorized to review it." ' " (*Id.* at p. 45.) Although the *McKenzie* court was not confronted with the situation raised by this case—the finality of a judgment where sentence is imposed but *execution* of the sentence is suspended while the defendant is on probation—we find its reasoning to be dispositive here as well.

The California Supreme Court reaffirmed in *McKenzie* that " ' "when the [L]egislature repeals a criminal statute or otherwise removes the State's condemnation from conduct that was formerly deemed criminal, this action requires the dismissal of a pending criminal proceeding charging such conduct. The rule applies to any such proceeding which, at the time of the supervening legislation, has not yet reached final disposition in the highest court authorized to review it." ' " (*McKenzie*, *supra*, 9 Cal.5th at p. 45.) The court determined that in the situation before it, where the statutory amendments became effective during the defendant's appeal of the trial court's revocation of probation and imposition of sentence, "[i]t [could not] be said that this criminal prosecution or proceeding concluded before the ameliorative legislation took effect." (*Id.* at p. 46.) Because the amendments "occurred long after the court ordered probation *and* the time for direct appeal lapsed[,] . . . defendant *could not* have raised this issue during a direct appeal from the probation order." (*Id.* at p. 50.)

The same logic applies here. Contreraz was ordered to probation in September 2017, and Sen. Bill 160 took effect on January 1, 2018, "after the court ordered probation *and* the time for direct appeal lapsed." (*McKenzie*, *supra*, 9 Cal.5th at p. 50.) Contreraz could not have argued on direct appeal that the trial court would, in the future, have the discretion to strike or dismiss the firearm enhancement imposed under section 12022.5.

Our conclusion is also consistent with *People v. Chavez* (2018) 4 Cal.5th 771 (*Chavez*), which was cited by the California Supreme Court to support its analysis in *McKenzie*. (*McKenzie*, *supra*, 9 Cal.5th at pp. 46-47.) In *Chavez*, the court considered

whether a trial court could dismiss a criminal action pursuant to section 1385 after the defendant's term of probation had expired. (*Chavez*, *supra*, at p. 777.) The court held that the trial court was without authority to do so because the action had ended when the defendant's probation expired. (*Ibid.*)

In reaching its decision, the California Supreme Court considered when a final judgment is pronounced in cases where a trial court grants probation. (*Chavez*, *supra*, 4 Cal.5th at p. 777.) The court explained that, "[g]oing as far back as *Stephens v. Toomey* (1959) 51 Cal.2d 864, we have explained that neither forms of probation—suspension of the imposition of sentence or suspension of the execution of sentence—results in a final judgment." (*Id.* at p. 781.) "In a case where a court suspends imposition of sentence, it pronounces no judgment at all, and a defendant is placed on probation with 'no judgment pending against [him or her].' [Citation.] In the case where the court suspends execution of sentence, the sentence constitutes 'a judgment provisional or conditional in nature.' [Citation.] The finality of the sentence 'depends on the outcome of the probationary proceeding' and 'is not a final judgment' at the imposition of sentence and order to probation." (*Ibid.*) There is no final judgment in either of these situations because "[d]uring the probation period, the court retains the power to revoke probation and sentence the defendant to imprisonment" under sections 1203.2 and 1203.3. (*Chavez*, *supra*, at p. 782.) "[T]he court's power to punish the defendant, including by imposing imprisonment, continues during the period of probation." (*Ibid.*)

The trial court in this case also retained the power to revoke Contreraz's probation and order the remainder of his sentence executed. (§§ 1203.2, subd. (b)(1), (b)(2), 1203.3, subds. (a), (b).) It had the authority to terminate his probation or to modify its terms. (§§ 1203.2, subd. (b)(1), (b)(2), 1203.3, subds. (a), (b).) Thus, based on the California Supreme Court's reasoning in *McKenzie*, as well as *Chavez*, we conclude that for retroactivity purposes, suspending execution of Contreraz's sentence and placing him on probation "constitute[d] 'a judgment provisional or conditional in nature,' " rather

6

than a final judgment, given the court's ongoing authority to revoke, modify, or terminate Contreraz's probation during the supervision term. (*Chavez*, *supra*, 4 Cal.5th at p. 781.)

In reaching this conclusion, we are guided by the " 'consideration of paramount importance' " articulated in *Estrada*: "the 'inevitable inference' that the Legislature, having 'determined that its former penalty was too severe,' 'must have intended' that the ameliorative statutory change 'should apply to every case to which it constitutionally could apply.' [Citation.] A contrary conclusion . . . would ' " 'serve no purpose other than to satisfy a desire for vengeance,' " ' and would have to rest on the impermissible view 'that the Legislature was motivated by [such] a desire.' " (*McKenzie*, *supra*, 9 Cal.5th at p. 48.)

### C. *The criminal street gang enhancement*

In his original briefing, Contreraz argued that the trial court exceeded its jurisdiction by staying, rather than striking, the 10-year prison term on the criminal street gang enhancement (§ 186.22, subd. (b)(1)). This issue is moot since the trial court amended the abstract of judgment nunc pro tunc to strike that enhancement.

## III. DISPOSITION

The judgment is reversed, and the matter is remanded for the purpose of allowing the trial court to consider whether to strike the Penal Code section 12022.53 enhancement under Penal Code section 1385. If the trial court strikes the enhancement, it shall resentence defendant. If the trial court does not strike the enhancement, it shall reinstate the sentence.

7

_____
                                  Premo, J.

WE CONCUR:

_____
         Greenwood, P.J.

_____
            Elia, J.

People v. Contreraz
H045787

| | |
|---|---|
| Trial Court: | Santa Cruz County Superior Court<br>Superior Court No. 16CR01219 |
| Trial Judge: | Hon. John Steven Salazar |
| Counsel for Plaintiff/Respondent:<br>The People | Xavier Becerra<br>Attorney General<br><br>Gerald A. Engler<br>Chief Assistant Attorney General<br><br>Jeffrey M. Laurence<br>Senior Assistant Attorney General<br><br>René A. Chacon<br>Supervising Deputy Attorney General<br><br>Julia Y. Je<br>Supervising Deputy Attorney General |
| Counsel for Defendant/Appellant:<br>Alberto Salvador Contreraz | Under appointment by the Court of<br>Appeal<br>Lori A. Quick |

People v. Contreraz
H045787