Filed 6/17/21  P. v. Jefferson CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for
publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication
or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>SEAN DARINGTON JEFFERSON,<br><br>    Defendant and Appellant. | E073024<br><br>(Super.Ct.Nos. RIF1700758 &<br> RIF1210933)<br><br>OPINION |

APPEAL from the Superior Court of Riverside County.  Godofredo Magno,

Judge.  Affirmed as modified with directions.

Reed Webb, under appointment by the Court of Appeal, for Defendant and

Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney

General, Julie L. Garland, Assistant Attorney General, Robin Urbanski and Arlene A.

Sevidal, Deputy Attorneys General, for Plaintiff and Respondent.

1

## INTRODUCTION

Defendant and appellant Sean Darington Jefferson appeals the September 13, 2018 order of the superior court, terminating his probation and ordering execution of the previously suspended term of four years in state prison. The sentence was imposed on September 18, 2014, and includes a one-year term on a prison prior under Penal Code[1] former section 667.5, subdivision (b). Defendant contends his prison prior enhancement must be stricken because he is entitled to the benefits of Senate Bill No. 136 (Senate Bill 136) (2019-2020 Reg. Sess.), which became effective on January 1, 2020, during the pendency of the current appeal. We agree.

## PROCEDURAL BACKGROUND

On March 20, 2013, defendant entered a plea agreement and pled guilty to inflicting corporal injury on a spouse. (Pen. Code, § 273.5.) He also admitted he served one prior prison term within the meaning of Penal Code former section 667.5, subdivision (b), for transporting a controlled substance (Health & Saf. Code, § 11352). A trial court placed him on probation for a period of 36 months under specified conditions.

On July 11, 2013, defendant admitted that he violated the terms of his probation. He was reinstated on probation with modified terms.

On October 1, 2013, the probation department filed a petition alleging that defendant violated his probation a second time and recommending that the court revoke his probation and sentence him to state prison. On October 16, 2013, the court ordered

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

his probation revoked. It also ordered defendant to be examined by detention mental health services. On February 19, 2014, the court declared a doubt as to defendant's mental competence, suspended the proceedings, and ordered a competency examination.[2] (§ 1368.) Thereafter, the court considered defendant for mental health court; however, on May 22, 2014, the court found he did not meet the criteria for mental health court and ordered him to return to any and all future hearings.

On September 18, 2014, defendant entered an agreement and admitted he violated his probation as alleged in the October 1, 2013 petition. Pursuant to the agreement, the court sentenced him to three years on count 1 plus one year on the prison prior, for a total of four years in state prison. However, it suspended execution of the sentence and reinstated him on probation with added terms.

On September 28, 2015, the probation department again alleged that defendant violated his probation. The court revoked his probation and issued a bench warrant. His probation remained revoked, and the bench warrant remained outstanding.

On July 3, 2018, an information was filed in a second case (case No. RIF1700758), alleging infliction of corporal injury on a spouse (§ 273.5, count 1) and willful violation of a protective order (§ 166, subd. (c)(1), count 2). A jury trial was held and on September 12, 2018, the jury found defendant guilty of count 2 but acquitted him of the charge in count 1.

---

[2] The court set a hearing on defendant's mental competency for March 26, 2014. However, the minute order from the March 26, 2014 hearing is not contained in the record on appeal. Apparently, criminal proceedings were reinstated at that time, as the record thereafter reflects that the court continued with the criminal proceedings.

On September 13, 2018, the court held a hearing and sentenced defendant to six months in case No. RIF1700758. It also found that he violated his probation in the instant case by reason of the violation of law in case No. RIF1700758. Thus, it terminated his probation and ordered execution of the previously suspended term of four years in state prison.

On December 7, 2018, defendant filed belated notices of appeal in both of his cases. This court issued an order granting defendant's petition for writ of habeas corpus to deem the notices of appeal constructively filed within the 60-day period.

## DISCUSSION

### Defendant is Entitled to Relief Under Senate Bill 136 Since His Judgment Was Not Final on the Amendment's Effective Date

Defendant contends his one-year prior prison term must be stricken pursuant to the amendment to section 667.5, subdivision (b), by Senate Bill 136 since it does not involve a conviction of a sexually violent offense. He argues that the appeal in the instant case will not become final until 30 days after an opinion is issued; thus, the judgment is not yet final. In other words, he is claiming that since his current appeal from the September 13, 2018 probation revocation order was pending in this court when Senate Bill 136 took effect on January 1, 2020, he is entitled to the retroactive benefits of Senate Bill 136. The People contend that defendant's judgment was final when the trial court imposed sentence on March 20, 2013, even though it suspended execution of the four-year term,

4

and defendant did not appeal; thus, he is not entitled to relief.[3]  We agree that defendant's prior prison term should be stricken pursuant to Senate Bill 136.

When defendant was sentenced in September 2014, the trial court was required to impose a one-year sentence enhancement for a true finding that he had served a prior prison term and had not remained free from custody for at least five years.  (Pen. Code, former § 667.5, subd. (b).)  In 2019, Senate Bill 136 limited the enhancement provision to prior prison terms resulting from convictions for sexually violent offenses as defined by section 6600 of the Welfare and Institutions Code.  The amendment became effective on January 1, 2020.  (Stats. 2019, ch. 590, § 1.)

A new or amended statute that reduces the punishment for an offense will, absent evidence to the contrary, apply retroactively to any case in which the judgment is not yet final on the statute's operative date.  (*In re Estrada* (1965) 63 Cal.2d 740, 745 (*Estrada*); *People v. Winn* (2020) 44 Cal.App.5th 859, 872.)  For the purposes of the *Estrada* rule, a judgment is not final so long as courts may provide a remedy on direct review, including the time within which to petition the United States Supreme Court for writ of certiorari.  (*People v. Diaz* (2015) 238 Cal.App.4th 1323, 1336.)

In *People v. McKenzie* (2020) 9 Cal.5th 40, 43 (*McKenzie*), the defendant pled guilty in three separate cases in November 2014.  As to all three cases, "the trial court

---

[3]  The People assert that the trial court imposed sentence on March 20, 2013. However, the record shows that defendant entered a plea agreement on that date, and the court placed him on probation at that time.  Subsequently, on September 18, 2014, defendant admitted to violating his probation, and the court sentenced him to four years in state prison, but suspended execution of the sentence and reinstated him on probation.

suspended imposition of sentence, granted [the] defendant five years' probation, and ordered him to attend drug court." (*Ibid.*) In June 2016, the trial court revoked the defendant's probation and sentenced him to prison. (*Ibid.*) The defendant appealed, and the Court of Appeal filed an opinion modifying the judgment in some respects, but otherwise affirming. (*Ibid.*)

The defendant petitioned the California Supreme Court for review, which that court granted, and the court remanded the case to the Court of Appeal with directions. On remand, the Court of Appeal "held that [the] defendant could take advantage of the revisions to section 11370.2 that rendered the statute's sentence enhancements inapplicable to his prior drug-related convictions, and the court ordered those four enhancements stricken." (*McKenzie*, *supra*, 9 Cal.5th at p. 44.) The Supreme Court granted review in the "case to decide whether a convicted defendant who is placed on probation after imposition of sentence is suspended, and who does *not* timely appeal from the order granting probation, may take advantage of ameliorative statutory amendments that take effect during a later appeal from a judgment revoking probation and imposing sentence." (*Id.* at p. 43, italics added.)

In a discussion regarding what constitutes a final judgment, the court noted that "a criminal proceeding ends only once probation ends if no judgment has issued in the case." (*McKenzie*, *supra*, 9 Cal.5th at p. 47.) "[W]hen a court suspends imposition of sentence and grants probation, the defendant's failure to appeal from the order granting probation generally 'estops' the defendant 'from claiming error *with respect to matters*

6

*occurring before that order*,' but not as to 'proceedings in connection with the revocation of probation and sentencing.' " (*Id*. at p. 50.)

*McKenzie* is distinguishable from the instant case in that it involved a grant of probation after the suspension of imposition of sentence, whereas this case involves a grant of probation after the suspension of execution of a sentence that was already imposed. There is longstanding recognition of the "important distinction, in probation cases, between orders suspending imposition of sentence and orders suspending execution of previously imposed sentences." (*People v. Howard* (1997) 16 Cal.4th 1081, 1087 (*Howard*).) "When the trial court suspends imposition of sentence, no judgment is then pending against the probationer, who is subject only to the terms and conditions of the probation." (*Ibid*.) However, "[u]nlike the situation in which sentencing itself has been deferred, where a sentence has actually been imposed but its execution suspended, 'The revocation of the suspension of execution of the judgment brings the former judgment into full force and effect . . . .' " (*Ibid*.; see *People v. Kelly* (2013) 215 Cal.App.4th 297, 302 ["[W]hen a court imposes sentence but suspends its *execution* during a period of probation, there is a judgment, and revocation of the order granting probation requires execution of the existing sentence, exactly as imposed."].)

Where a defendant fails to challenge "the validity of the sentence the court imposed when granting probation[, n]o good reason exists for allowing [him] to do so once the court revoke[s] [his] probation." (*Howard*, *supra*, 16 Cal.4th at p. 1095; accord, *People v. Superior Court* (*Rodas*) (2017) 10 Cal.App.5th 1316, 1318, 1326 (*Rodas*) [To hold otherwise would have the "absurd effect of encouraging defendants to violate the

7

terms of their probation in the hopes of extending the probation term to take advantage of any beneficial changes in the law during the probationary period."]; see *People v. Scott* (2014) 58 Cal.4th 1415, 1419 [realignment act not applicable to defendants whose sentences were imposed and suspended prior to its enactment].)

Nevertheless, *McKenzie* relied on the court's decision in *People v. Chavez* (2018) 4 Cal.5th 771 (*Chavez*), in which the court noted, "[g]oing as far back as *Stephens v. Toomey* (1959) 51 Cal.2d 864 . . . we have explained that neither forms of probation—suspension of the imposition of sentence or suspension of the execution of sentence—results in a final judgment. In a case where a court suspends imposition of sentence, it pronounces no judgment at all, and a defendant is placed on probation with 'no judgment pending against [him].' [Citation.] In the case where the court suspends execution of sentence, the sentence constitutes 'a judgment provisional or conditional in nature.' The finality of the sentence 'depends on the outcome of the probationary proceeding' and 'is not a final judgment' at the imposition of sentence and order to probation." (*Chavez*, at p. 781.) Of course, *Chavez*'s statement regarding the finality of judgment in a situation in which the court had imposed but suspended execution of sentence is dictum because in *Chavez*, the court suspended imposition of sentence, placed the defendant on probation, the defendant completed his probation, and only years later sought to have the action dismissed pursuant to section 1385. (*Chavez*, at pp. 776-777.)

In *People v. Contreraz* (2020) 53 Cal.App.5th 965, 971-972 (*Contreraz*), review granted November 10, 2020, S264638, the court sentenced the defendant, suspended execution of the sentence, and placed the defendant on probation; the defendant did not

8

appeal the order. (*Id.* at pp. 968-969.) The court later found the defendant in violation of his probation and executed the previously suspended sentence. (*Id.* at p. 969.) On appeal, the defendant contended he was entitled to the retroactive benefits of Senate Bill No. 620 (Reg. Sess. 2017-2018), which the court rejected. (*Id.* at pp. 967, 969.)

The California Supreme Court granted review and transferred the matter back to the court to reconsider in light of *McKenzie*, *supra*, 9 Cal.5th 40. (*Contreraz*, *supra*, 53 Cal.App.5th at pp. 967-968.) On reconsideration, the court held that the defendant was entitled to have the trial court exercise its discretion as to whether to apply the ameliorative benefits of Senate Bill 620. (*Id.* at p. 968.) The court, citing *McKenzie*, *Chavez*, and *Stephens v. Toomey*, *supra*, 51 Cal.2d 864 (*Toomey*), reasoned "that for retroactivity purposes, suspending execution of [the defendant's] sentence and placing him on probation 'constitute[d] "a judgment provisional or conditional in nature," ' rather than a final judgment, given the court's ongoing authority to revoke, modify, or terminate [the defendant's] probation during the supervision term." (*Contreraz*, at pp. 971-972.)

In *Toomey*, the petitioner had been convicted of robbery, and the court sentenced him to prison. The petitioner applied for probation, which the court granted. The court placed him on five years' probation, the term of which had yet to expire. The petitioner sought to compel the registrar of voters to register him as an elector despite his conviction. (*Toomey*, *supra*, 51 Cal.2d at pp. 868-869.)

On petition for writ of mandate, the court discussed finality of judgment as follows: "The word conviction, used in this connection, must mean a final judgment of conviction. A judgment is not final if there still remains some legal means of setting it

9

aside. There may be ways to avoid its execution, such as a general pardon, but a judgment in an ordinary criminal case, such as we have here, becomes final when all available means to avoid its effect have been exhausted. Certain means to that end have been made available to an accused. The traditional method was by appeal. The probation laws then intervened. Since the enactment of those laws in 1903, the offender has been brought before the court for judgment on a plea or verdict of guilty under differing and varying circumstances affecting the powers of the court and the rights of the accused." (*Toomey, supra,* 51 Cal.2d at p. 869.)

The *Toomey* court noted there were three classes of persons in which probation related to the finality of judgment; the second class, which included the petitioner, included, "Those as to whom the court may pronounce judgment, sentence the defendant, suspend the execution of the sentence, and entertain an application for probation." (*Toomey*, *supra*, 51 Cal.2d at p. 870.) "If the conditions of probation are fulfilled the plea or verdict of guilty may be changed to not guilty, the proceedings be expunged from the record and the case dismissed. [Citation.] When such an order has been entered there is no further criminal prosecution pending against the defendant. He has then, without any further showing of rehabilitation on his part, received a statutory rehabilitation and a reinstatement to his former status in society insofar as the state by legislation is able to do so, with one exception, namely, that under section 1203.4 of the Penal Code the record in the criminal case may be used against him for limited purposes in any criminal proceeding thereafter brought against him. The judgment in this class is not a final judgment such as to render the prohibitive measure of the Constitution effective. It is a

10

judgment provisional or conditional in nature.  It is in the process of becoming final in that its finality depends on the outcome of the probationary proceeding." (*Id*. at pp. 870-871.)  The *Toomey* court noted, "There is a vast difference between the final judgment and the execution of the judgment." (*Toomey*, at p. 873.)  In petitioner's case, "there ha[d] been neither a final judgment nor the execution of any judgment." (*Ibid*.) "Judgment was pronounced against him and he was sentenced to prison.  Execution of sentence was suspended and he was placed on probation for five years which have not yet expired.  The criminal proceeding is still outstanding against him.  The judgment may or may not become final depending upon the outcome of the probation proceedings under . . . section 1203.4.  If probation be revoked the judgment may be ordered in full force and effect." (*Id*. at p. 875.)  The court thus denied his petition because it was premature. (*Ibid*.)

We, like the court in *Contreraz*, distill from *Toomey*, *Chavez*, and *McKenzie*, the rule that an order imposing sentence, suspending execution of that sentence, and granting a defendant probation is not a final judgment for purposes of the application of retroactive ameliorative effects in the law made after the date of such an order.  Only upon the finality of the probationary proceedings, whether probation is revoked and the previously imposed but suspended sentence is actually executed, or the defendant successfully completes probation, does the order become a final judgment barring a defendant from obtaining retroactive relief from subsequent changes in the law.  Thus, when, as here, a court revokes probation, and an ameliorative statute becomes effective

11

before or during the pendency of the defendant's appeal from the revocation order, the defendant is entitled to seek relief under the new law.

Defendant asks us to simply strike the one-year term imposed for the prison prior from his four-year sentence; thus, he is implying that the rest of sentence and plea agreement should be left intact. (See *People v. Matthews* (2020) 47 Cal.App.5th 857, 868-869.) However, in *People v. Hernandez* (2020) 55 Cal.App.5th 942 (*Hernandez*), review granted January 27, 2021, S265739, the court held that when a prior prison term enhancement imposed as a term of a plea agreement is stricken pursuant to Senate Bill 136, the prosecutor and the trial court must be afforded the option to rescind approval of the agreement. (*Hernandez*, at pp. 957-959.) We reach the same outcome here. The prison prior was integral to the violation of probation agreement and the specified sentence of four years. As part of the bargain in this case, the People agreed that defendant could be reinstated on probation notwithstanding the probation department's recommendation that he be sentenced to state prison with the express understanding that the court would sentence him to four years in state prison and suspend execution of that sentence pending his successful completion of probation. Defendant violated probation by committing a new law violation. Simply striking the enhancement and allowing the rest of the sentence to remain intact would result in "making 'unilateral changes to a material term of the plea agreement' without the consent of the prosecution" (*id*. at p. 957) and deprive the People of the benefit of their bargain.

Pursuant to the extensive reasoning of *Hernandez*, we remand the matter to the trial court with directions to strike the one-year prior prison term enhancement.

12

Thereafter, the " 'prosecution may . . . agree to modify the bargain to reflect the downward departure in the sentence such exercise would entail.  Barring such a modification agreement, "the prosecutor is entitled to the same remedy as the defendant—withdrawal of assent to the plea agreement . . . ."  [Citation.]  [¶]  Further, the court may withdraw its prior approval of the plea agreement.' "  (*Hernandez, supra*, 55 Cal.App.5th at p. 960.)

DISPOSITION

The matter is remanded to the trial court with directions to strike the one-year term imposed for the section 667.5, subdivision (b) enhancement.  Thereafter, the People may agree to modify the bargain to reflect the downward departure in the sentence or withdraw their assent to the violation of probation agreement.  Further, the court may withdraw its prior approval of the agreement.  In all other respects, we affirm the judgment.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

FIELDS _____
                                                                                                      J.


We concur:


MILLER _____
              Acting P. J.


SLOUGH _____
                          J.

13